Richard HOOSE and Robin Hoose, h/w Appellants,

v.

JEFFERSON HOME HEALTH CARE, INC., Margaret Peggy Wagner, R.N., Steve Gunter, P.T., United States Healthcare Systems of Pennsylvania, Inc. d/b/a The Health Maintenance Organization of Pennsylvania, a Subsidiary of U.S. Healthcare, Inc., James Weinberg, D.O., Melissa Scott, and Bryn Mawr Hospital, Appellees.

Superior Court of Pennsylvania.

Argued March 29, 2000.

Filed May 9, 2000.

Reargument Denied July 13, 2000.

Eric G. Zajac, Philadelphia, for appellants.

William D. Kennedy Paoli, for Wagner, appellee.

Charles M. O'Donnell, Blue Bell, for U.S. Healthcare Systems, appellee.

Before FORD ELLIOTT and MONTEMURO *, JJ., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

¶ 1 Richard and Robin Hoose, h/w, appeal from the order entered in the Court of Common Pleas of Philadelphia County granting the petition of Appellee/Defendant, United States Healthcare Systems of Pennsylvania ("U.S. Healthcare"), to transfer venue of the underlying medical malpractice action from Philadelphia County to Delaware County.[1] We reverse and remand.

¶ 2 The facts and procedural history of this case are as follows. In mid-October of 1995, Appellant, Richard Hoose, suffering from gangrene in his right leg, underwent a below-the-knee amputation ("BKA") at Defendant/Appellee, Bryn Mawr Hospital in Montgomery County. The surgery was performed by Ronald Mattson, M.D. Doctor Mattson performed a femoral bypass in order to lower the amputation level to below the knee – a situation more suitable for rehabilitation purposes. At the time of his surgery, Hoose was insured by Appellee U.S. Healthcare pursuant to a welfare benefit plan provided by Hoose's employer.

¶ 3 Both Dr. Mattson and the Chief of Psychiatry Service at Bryn Mawr Hospital ordered that Mr. Hoose be transferred to Bryn Mawr Rehabilitation Hospital ("Bryn Mawr Rehab") after the surgery. Appellee, however, refused to honor the transfer believing that the "acute rehab benefits" from such a medical decision did not fit within U.S. Healthcare's guidelines. Rather, U.S. Healthcare directed that once Mr. Hoose's incision had properly and fully healed, it would sanction his transfer to Bryn Mawr Rehab.

¶ 4 Mr. Hoose was discharged from Bryn Mawr, opting for home health care which was provided by Jefferson Home Health Care; the home care included the use of a physical therapist and a registered nurse. During this time, Mr. Hoose developed a post-operative stump infection which ultimately led to a rupture, requiring an above-the-knee amputation ("AKA"). The Hooses filed the underlying medical malpractice action against Appellees in the Court of Common Pleas of Philadelphia County.[2] U.S. Healthcare re-

---

* Retired Justice assigned to the Superior Court.

1. None of the other defendants/appellees in the underlying action joined in U.S. Healthcare's petition to transfer venue; however, Jefferson Home Health Care, Margaret Wagner and Bryn Mawr Hospital (collectively referred to as "Defendants") have filed a brief to this court supporting the trial court's transfer order. We note with disapproval the Defendants' reliance, in their brief, upon the

case *Techtmann v. Howie*, 692 A.2d 230 (Pa.Super.1997), which is no longer good law as it has been reversed and remanded by our Pennsylvania Supreme Court. *See Techtmann v. Howie*, 548 Pa. 567, 699 A.2d 729 (1997).

2. The basis of jurisdiction for venue purposes existed from the fact that the various defendants, namely Jefferson Home Health Care, Inc., has its principal place of business in

moved the action to federal court, specifically, the United States District Court for the Eastern District of Pennsylvania; Appellee alleged that federal employee retirement benefit laws were implicated in the underlying lawsuit. The Hooses filed a motion to remand the case to the Court of Common Pleas of Philadelphia County. The court granted the motion. After the filing of various unsuccessful preliminary objections by the parties involved, extensive discovery was conducted in the case, including a number of depositions. U.S. Healthcare filed a motion to transfer venue of the case. During a scheduling conference, the trial judge granted U.S. Healthcare's motion and transferred the case from Philadelphia County to Delaware County.

¶ 5 On appeal, the Hooses raise the following issue for our review:

> Whether the trial court erred in granting Defendant U.S. Healthcare's Petition to Transfer Venue from Philadelphia County to Delaware County, given that the discovery period had closed, the case was ready to receive a trial date, venue in Philadelphia was proper, U.S. Healthcare had provided no record evidence that Plaintiffs' choice of forum was oppressive or vexatious, and given that U.S. Healthcare had earlier removed the case to the United States Federal District Court sitting in Philadelphia County?

¶ 6 A trial judge has great discretion in reviewing petitions to change venue based upon *forum non conveniens;* on appeal the superior court must determine whether the trial judge abused that discretion. *McCrory v. Abraham,* 441 Pa.Super. 258, 657 A.2d 499 (1995) (citations omitted). *See Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282 (1990). In order to demonstrate that the trial court has abused its discretion, "an appellant must show that in reaching

a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will." *McCrory, supra* at 501 (quotation omitted).

¶ 7 In *Cheeseman v. Lethal Exterminator, Inc.,* 549 Pa. 200, 701 A.2d 156 (1997), our supreme court clarified the appropriate standard that a defendant must meet to successfully transfer venue of a case. In sum, "a petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Id.* at 213, 701 A.2d at 162. Thus:

> The defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. [citation omitted] Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. **But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.**

*Id.* (emphasis added).

¶ 8 In the present case, the trial court highlighted the following facts, giving rise to the grant of Appellee's petition to transfer: all defendants are residents or maintain their principal places of business in Delaware or Montgomery Counties; no deponent or other potential fact witness resides or works in Philadelphia; no care

Philadelphia County. Moreover, it was proven that U.S. Healthcare regularly conducts business in Philadelphia.

or treatment took place in Philadelphia; and all medical records and other sources of relevant proof are located in hospitals and physicians' offices in Delaware County. In sum, the trial court found that under these facts "it is truly vexatious and oppressive to allow venue in Philadelphia County." We disagree.

¶ 9 In *Cheeseman, supra,* our supreme court specifically stated that claims by a defendant that "no significant aspect of a case involves the chosen forum, and that litigating in another forum would be more convenient" is not the type of record evidence that proves litigating the case in the chosen forum is "oppressive or vexatious." *Cheeseman, supra* at 214, 701 A.2d at 162. Moreover, the court found that an assertion in a defendant's petition that "the trial court in plaintiff's chosen forum is congested," is also not sufficient proof to sustain a burden to transfer venue. *Id.*

¶ 10 Presently, we note that a majority of pre-trial procedures, including depositions of various witnesses, have already been conducted in Philadelphia. Moreover, at the behest of U.S. Healthcare, this case had already been removed to the Eastern District Court, located in Philadelphia.[3] Accordingly, we are aware that Appellee has consistently been appearing in plaintiff's chosen forum for purposes of this case to date. Finally, we note that Appellants' response to Appellee's petition to transfer denies that no medical treatment occurred in Philadelphia. Appellants claim that Mr. Hoose, in fact, received medical care relevant to his underlying condition at Hahnemann University Hospital in the City of Philadelphia.

¶ 11 We note that this is not a case where the alleged tortious conduct occurred in a distant state or where the appellant resides in a foreign state. *See Dulaney v. Consolidated Rail Corp.,* 715 A.2d 1217 (Pa.Super.1998) (where accident occurred in Ohio, appellant resided in West Virginia and worked out of appellee's

Allegheny County office and all of witnesses to the accident and appellant's medical providers resided in Ohio, West Virginia or Western Pennsylvania, trial court properly transferred venue of case from Philadelphia County to Allegheny County). Rather, the majority of the sources of proof in the instant case, including witnesses and medical care providers, reside or are located in Philadelphia's neighboring counties – Delaware County or Montgomery County.

¶ 12 In its petition to change venue, U.S. Healthcare does list the various medical care providers and other witnesses who do not reside in Philadelphia County. However, petitioner alleges that the patients of physicians, who must travel from their Delaware County or Montgomery County offices to testify in Philadelphia, will suffer unnecessary hardship. Nevertheless, it is the oppressiveness suffered by the witnesses, not their patients or clients, that must be demonstrated on the record to succeed in transferring venue of this case. *Cheeseman, supra.* Moreover, U.S. Healthcare has not produced any affidavits from these alleged witnesses attesting to the fact that they would suffer such hardship. *See Johnson v. Henkels & McCoy,* 707 A.2d 237, 240 (Pa.Super.1997); *see also Petty v. Suburban General Hosp.,* 363 Pa.Super. 277, 525 A.2d 1230 (1987). Finally, it has been conceded that a number of the non-Philadelphia County medical providers have been granted the opportunity to stipulate to their dismissal from the plaintiffs' case.

¶ 13 After a review of the record, we cannot classify the chosen forum as one designed to "harass" the defendants or one so oppressive and vexatious as to require transfer of venue. *See Johnson, supra* (where appellant/plaintiff received a significant portion of medical treatment in Montgomery County, individuals having knowledge of the accident and aftermath

---

3. At the same time it filed its motion for removal to federal district court, U.S. Health-

care also filed a motion to dismiss the case for failure to state a claim.

resided in Montgomery County, and where defendant alleged that all the parties would be "unjustifiably inconvenienced by pre-trial procedures and trial in Philadelphia County," our court did not find these facts of record sufficient to support transfer of venue).

¶ 14 Appellee broadly states that various witnesses will suffer hardship by travelling from their Delaware County or Montgomery County residences to trial in Philadelphia. However, we stress that there is a vast difference between a finding of inconvenience and one of oppressiveness. It is the former that we believe has been alleged and shown today; without more, we must reverse. Accordingly, we find that the trial court abused its discretion by transferring the instant case from Philadelphia County to Delaware County. The court misapplied the law as annunciated by our supreme court in *Cheeseman, supra.*

¶ 15 Order reversed. Case remanded to the trial court for proceedings consistent with this decision. Jurisdiction relinquished.