John CATAGNUS and Mary Catagnus, H/W, Appellants,

v.

ALLSTATE INSURANCE COMPANY
Hollywood Oil Company,
Appellees.

Superior Court of Pennsylvania.

Argued Oct. 5, 2004.
Filed Dec. 27, 2004.

---

County Court of Common Pleas to the Bucks County Court of Common Pleas on the basis of *forum non conveniens*. We resolve the trial court did not hold Allstate to the proper burden and misapplied the law in granting Allstate's petition to transfer venue to Bucks County for *forum non conveniens*. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Appellants filed a lawsuit in Philadelphia County against Allstate and Hollywood in May 2003. Allstate accepted service of the complaint at its headquarters in Northbrook, Illinois. Hollywood accepted service at its principal place of business in Montgomery County, PA. The complaint alleged Hollywood negligently installed a heating and cooling system which caused the growth of mold throughout Appellants' home in Bucks County. The complaint additionally alleged Allstate refused in bad faith to cover remediation and repair costs under Appellants' homeowners' policy.

¶ 3 In June 2003, Allstate filed preliminary objections on the basis of improper venue. The court overruled Allstate's preliminary objections.[1] Allstate filed an answer with new matter which pled improper venue. In August 2003, the court directed Allstate to provide answers to Appellants' interrogatories and request for production of documents. Subsequent discovery revealed that Allstate's pertinent branch office is located in Malvern, Chester County. Allstate's witness, insurance adjuster Terry Thomas, is located in Media, Delaware County. Appellants' depositions took place in Philadelphia.

Lynda R. O'Brien, Philadelphia, for appellants.

Joseph M. Cincotta, Philadelphia, for Hollywood Oil.

Elizabeth A. Frey, Conshohocken, for Allstate.

Before: STEVENS, GANTMAN, and KELLY, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellants, John and Mary Catagnus, husband and wife, ask us to determine whether the trial court erred when it transferred venue of their lawsuit against Appellees, Allstate Insurance Company ("Allstate") and Hollywood Oil Company ("Hollywood"), from the Philadelphia

1. Hollywood filed preliminary objections which did not challenge venue but sought dismissal of the complaint on the basis of improper joinder. The court overruled Hollywood's preliminary objections on September 24, 2003. Appellant husband owns several properties in Philadelphia which Hollywood services and Hollywood did not seek transfer of venue at any time. Hollywood did not file a brief in this appeal. Instead, it sent correspondence stating it "joins in and/or adopts" the brief of Allstate.

¶ 4 The estimates Appellants received to remediate mold damage in their home exceeded the jurisdictional limits of arbitration. On November 13, 2003, Appellants filed a petition to remove the matter from the Philadelphia arbitration pool to the Philadelphia **Non–Jury** Major Case List Day Forward program. Allstate filed a response, which denied Appellants' damages exceeded $50,000, but did not oppose removal to the non-jury trial list. On December 10, 2003, the court granted Appellants' petition. The court ruled, "The case is removed from arbitration to the Non–Jury–Major Case Day Forward program and the case is placed in the April [2004] trial pool." (*See* Trial Court Order, 12/10/03).

¶ 5 On December 16, 2003, Allstate filed a petition to transfer the action to Bucks County on the ground of *forum non conveniens.* The petition averred, in pertinent part, as follows:

7. The cause of action and alleged damages arose in **Bucks County.**

8. [Appellee] Allstate Insurance Company, conducts business in **Bucks County.**

9. [Appellee], Hollywood Oil Company conducts business in **Bucks County.**

10. [Appellants'] lawsuit has absolutely no relationship with Philadelphia County whatsoever.

11. The only reason [Appellants] filed suit in Philadelphia was to harass [Appellee], Allstate Insurance Company.

12. A [petition] to transfer venue based upon *forum non conveniens* may be granted where [a] Plaintiff['s] choice of forum is designed to harass a Defendant.

13. [Appellants] could have filed their lawsuit in **Bucks County.** The [Appellants] live in **Bucks County,** the allegedly damaged property is located in **Bucks County,** and none of the parties to this action or identified witnesses at this time reside in Philadelphia County.

14. However, [Appellants] filed their action in Philadelphia in an oppressive effort to obtain a more favorable (pro-Plaintiff) arbitration panel or jury pool. This is a classic case of "forum shopping."

15. The hope of a more favorable arbitration panel and/or jury pool is the only logical explanation for [Appellants'] "choice" of forum. Therefore, [Appellants'] choice of forum is not only oppressive but vexatious as well.

16. [Appellants] received estimates to remove the mold from Pickwell Construction, located in Hatboro, Montgomery County, Pennsylvania and from Tom Abell, located in Huntingdon Valley, Montgomery County, Pennsylvania.

17. [Appellants] also received an estimate from Alpha Environmental, Inc., located in Media, Delaware County, Pennsylvania.

18. The Allstate adjuster, Terry Thomas, is located in Media, Delaware County, Pennsylvania.

19. [Appellee] Allstate Insurance Company's offices are located in Malvern, Chester County, Pennsylvania.

20. **Bucks County** is a more convenient forum as compared to Philadelphia County.

21. [Appellee], Allstate Insurance Company, filed Preliminary Objections to the Complaint on the basis of improper venue. However, those Preliminary Objections were denied.

22. [Appellee], Allstate Insurance Company, files the [petition] *sub judice* to alleviate [Appellants'] harassing, oppressive, and vexatious selection of forum.

(Allstate's [Petition] to Transfer Venue, filed 12/16/03, at 2–4) (emphasis in original).

¶ 6 Appellants filed their response, which essentially denied most of the averments in Allstate's petition. Appellants specifically denied Allstate's claim of "shopping" for a pro-plaintiff jury pool or arbitration panel. In support of their denial, Appellants averred they removed the action to the **non-jury** trial list. Appellants specifically denied Allstate's claim the suit had no Philadelphia connection whatsoever. In support of their denial, Appellants averred that husband's employment as a real estate manager and owner of rental properties in Philadelphia places him in Philadelphia regularly and consistently. Appellants further averred Hollywood's regular presence in Philadelphia to service Appellants' Philadelphia rental properties. Appellants additionally averred one of their witnesses, Tom Abell, maintains a Philadelphia office. Appellants admitted Allstate's adjuster is located in Media, Delaware County, and averred his/her location is nearer to Philadelphia than to Doylestown, Bucks County.

¶ 7 Court administration assigned the petition to the trial court for disposition on January 16, 2004. On January 20, 2004, the trial court adopted Allstate's proposed order and transferred the action to Bucks County. Appellants filed a timely notice of appeal.[2]

¶ 8 Appellants raise the following issues for our review:

WHETHER THE [TRIAL] COURT MISAPPLIED THE LAW WHEN IT TRANSFERRED THE CASE TO BUCKS COUNTY[?]

WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION AND/OR MISAPPLIED THE LAW WHEN THE RECORD DEMONSTRATED THAT THE CASE WAS ON THE APRIL TRIAL LIST IN PHILADELPHIA COUNTY, DISCOVERY HAD BEEN ACCOMPLISHED IN PHILADELPHIA, AND THE INFORMATION BEFORE THE COURT DEMONSTRATED THAT ONE OF PLAINTIFF'S MATERIAL WITNESSES IS LOCATED IN PHILADELPHIA AND THE REMAINDER OF THE WITNESSES ARE LOCATED IN THE SURROUNDING COUNTIES **EXCEPT** THE COUNTY CHOSEN BY ALLSTATE[?]

WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR OF LAW WHEN [ALLSTATE] PROVIDED NO FACTS OF RECORD THAT LITIGATION WAS VEXATIOUS OR OPPRESSIVE TO ALLSTATE[?]

[WHETHER] THE [TRIAL] COURT COMMITTED AN ERROR OF LAW AND ABUSED ITS DISCRETION WHEN THERE WAS NO EVIDENCE THAT BUCKS COUNTY WAS MORE CONVENIENT TO ALLSTATE OR ITS WITNESS[?]

(Appellants' Brief at 4).

¶ 9 Our standard of review in an appeal from the transfer of an action pursuant to the doctrine of *forum non conveniens* is whether the trial court committed an abuse of discretion. *Cheeseman v. Lethal Exterminator*, 549 Pa. 200, 208, 701 A.2d 156, 159 (1997). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Zimmer-*

---

**2.** An order transferring venue is an interlocutory order appealable as of right. Pa.R.A.P. 311(c); *Jackson v. Laidlaw Transit, Inc. & Laidlaw Transit PA, Inc.*, 822 A.2d 56, 57 n. 1 (Pa.Super.2003). The court did not direct Appellants to file a Rule 1925(b) statement. The court filed an opinion in support of its order transferring venue, on March 2, 2004.

*man v. Harleysville Mut. Ins. Co.*, 860 A.2d 167, 174 (Pa.Super. 2004) (*en banc*) (quoting *Paden v. Baker Concrete Const., Inc.*, 540 Pa. 409, 658 A.2d 341 (1995)). A trial court has considerable discretion in granting a change of venue based on *forum non conveniens* and absent an abuse of that discretion, we will not disturb its decision. *Johns v. First Union Corp.*, 777 A.2d 489, 491 (Pa.Super.2001) (citing *Keuther v. Snyder*, 444 Pa.Super. 468, 664 A.2d 168, 169 (1995)). "A petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Cheeseman, supra* at 213, 701 A.2d at 162.

> The defendant may meet this burden in one of two ways: (1) by showing "with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself"; or (2) by showing "on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute."

*Wood v. E.I. duPont De Nemours and Co.*, 829 A.2d 707, 712 (Pa.Super.2003) (*en banc*) (quoting *Cheeseman, supra*). However, the trial court's failure to hold the defendant to the proper burden constitutes an abuse of discretion. *Johns, supra* (citing *Johnson v. Henkels & McCoy, Inc.*, 707 A.2d 237, 239 (Pa.Super.1997)).

■ ¶ 10 Appellants contend, *inter alia,* that the court disregarded "the stringent burden imposed on a defendant seeking transfer on *forum non conveniens* grounds" set forth in *Cheeseman, supra.* (Appellants' Brief at 9). Specifically, Appellants claim Allstate failed to demonstrate on the record that venue in Phila-delphia was either vexatious or oppressive. Appellants posit Allstate's only legitimate record-based opposition to the chosen forum is its own alleged inconvenience. Accordingly, Appellants contend the court misapplied the law and committed an abuse of discretion when it granted Allstate's petition to transfer venue on the basis of *forum non conveniens.* After careful review, we agree.

■ ¶ 11 A defendant's claims that "no significant aspect of a case involves the chosen forum, and that litigating in another forum would be more convenient" is not the type of record evidence that proves litigating the case in the chosen forum is oppressive or vexatious. *Hoose v. Jefferson Home Health Care, Inc.*, 754 A.2d 1, 4 (Pa.Super.2000), *appeal denied,* 564 Pa. 734, 766 A.2d 1249 (2001) (quoting *Cheeseman, supra* at 214, 701 A.2d at 162). There is a vast difference between inconvenience and oppressiveness in this context. *Hoose, supra* at 5.

■ ¶ 12 The location and convenience of the plaintiff's witnesses is generally immaterial to the central question of whether the forum is oppressive to the defendant. *Wood, supra* at 716 n. 9. Further, the fact that pre-trial procedures and discovery depositions have occurred in the chosen forum is an appropriate consideration when deciding whether the forum is oppressive to the defendant. *Hoose, supra* at 4.

■ ¶ 13 Moreover, as this Court stated:

> We disagree that an explicit balancing analysis is required. It is true that under *Cheeseman* the plaintiff's choice of forum is entitled to great weight. Indeed, the *Cheeseman* standard presupposes that the plaintiff's chosen forum is more convenient. Presumably, the plaintiff would not have chosen the

forum if it were not convenient for the plaintiff and/or his witnesses. The *Cheeseman* standard itself vests great weight in the plaintiff's initial choice of forum by: (1) placing the burden of proof on the defendant; (2) requiring the defendant to present detailed facts on the record; and (3) requiring the defendant to demonstrate oppression and vexatiousness, not mere inconvenience. In other words, the plaintiff's choice of forum will prevail even if it is inconvenient to the defendants. The defendant will be able to transfer the case only if it carries its heavy burden of proof that the forum is oppressive to him. Because the *Cheeseman* standard already tips the scales heavily in the plaintiff's favor, the court need not expressly weigh the relative convenience of the forum to both sides. Rather, the proper focus of the inquiry is whether the choice of forum is oppressive or vexatious to the defendant.

*Wood, supra* at 715 (internal citations and quotation marks omitted) (footnotes omitted).

¶ 14 Instantly, the court stated that any venue analysis requires an inquiry into whether the court has jurisdiction and "whether the chosen forum is the most convenient for the adjudication of the suit." (Trial Court Opinion, filed March 2, 2004, at 3).[3] The court also stated that in evaluating "any petition to transfer venue, the trial court must look at a variety of factors including the relative hardships and inconveniences inherent in the action." (*Id.*) The court recognized a plaintiff's choice of forum is entitled to great weight. (*Id.*) Nonetheless, the court conducted a balancing test of the relative convenience of the chosen forum against the proposed alter-

native forum suggested by Allstate's averment: "Bucks County is a more convenient forum as compared to Philadelphia County." The court did not transfer the matter because it concluded Appellants' choice of forum was vexatious and designed to harass Allstate, even at some inconvenience to Appellants. Instead, it balanced the relative convenience to the parties of the chosen forum versus the proposed alternative forum, and found those factors "favor Bucks County." (*Id.* at 4). Thus, the court misapplied the law. *See Cheeseman, supra; Wood, supra; Hoose, supra.*

¶ 15 With respect to the Philadelphia depositions, the court concluded "the ability of a party to attend a deposition is irrelevant" in a *forum non conveniens* analysis under *Cheeseman.* (Trial Court Opinion at 4). This analysis is flawed. *See Hoose, supra* (stating defendant's consistent appearance in chosen forum for purposes of pre-trial procedures and discovery is legitimate consideration weighing against defendant's claim of oppressive or vexatious forum).

¶ 16 With respect to Appellant husband's frequent presence in Philadelphia, the court stated: "Although this fact may mean that litigation in Philadelphia is convenient for one of the Plaintiffs, it is not the focus of this Court's inquiry." (Trial Court Opinion at 4). Instead, the court reasoned, it "must evaluate the risk of 'vexatious or oppressive' litigation should the [Appellees] be required to defend themselves in Philadelphia County." (*Id.*) The court then concluded:

The pertinent facts in this case show that the [Appellees] have satisfied their burden to transfer venue. The convenience of the witnesses, the location of the

---

3. We note the court's Opinion is not paginated. The quoted language appears on the third page chronologically. All further citations to the Opinion refer to the chronological page number. Additionally, there is no dispute that the Philadelphia Court of Common Pleas has jurisdiction over the instant cause of action.

sources of proof, the events giving rise to the cause of action, as well as the litigants' location all favor trial in Bucks County. It is for these reasons that this Court finds that Philadelphia County is an "oppressive or vexatious" forum for the [Appellees] to establish their defense, and that Bucks County is the proper forum for the resolution of this action."

(*Id.*) We cannot agree with the court's conclusion.

¶ 17 Here, the record does not demonstrate that Allstate satisfied its burden. Allstate averred the chosen venue was oppressive and vexatious, because it represented Appellants' decision to "shop" for a pro-plaintiff jury pool. This averment is completely belied by the record showing Appellants removed the case from arbitration to the **non-jury** trial list. Significantly, the court did not mention "forum-shopping" as a basis for its determination.

¶ 18 Further, the only witness Allstate identified was Terry Thomas of Media, Delaware County. Allstate made no record showing that Philadelphia is oppressive or vexatious with respect to this witness.

¶ 19 Similarly, Allstate made no record showing regarding other sources of proof. On appeal, Allstate suggests a jury view of Appellants' home might become necessary. However, the potential need for a jury view was not set forth in Allstate's petition to transfer venue. In any event, Appellant's home in Feasterville, Bucks County is located approximately one mile from the Philadelphia County line and is approximately 24 miles north of Center City Philadelphia. Conversely, Appellants' home lies approximately 15 miles south of the center of Doylestown. Neither distance is more or less oppressive or vexatious in the event of a jury view. *See Johns, supra* (noting that viewing scene is seldom neces-

sary and, if it is warranted, jury can be bussed to locale).

¶ 20 Based on the foregoing, we conclude the trial court did not hold Allstate to the proper burden and misapplied the law when it granted Allstate's petition to transfer venue on the basis of *forum non conveniens.* Accordingly, we reverse and remand for further proceedings consistent with this opinion.

¶ 21 Order reversed; case remanded. Jurisdiction is relinquished.