Michael **RAYMOND** and Bernadette **Raymond**, h/w, Appellants

v.

**PARK TERRACE APARTMENTS, INC.** and Street Corporation and 2014–2044 E. 177 Corporation and Bradford White Corporation, Appellee.

Superior Court of Pennsylvania.

Argued May 11, 2005.
Filed Aug. 22, 2005.

Allan H. Gordon, Philadelphia, for appellants.

Thomas L. Delevie, Willow Grove, for Park Terrace, appellee.

Mary Dixon, Philadelphia, for Bradford White, appellee.

Before: FORD ELLIOTT, JOYCE and MONTEMURO * JJ.

MONTEMURO, J.:

¶ 1 This is an appeal from the Order docketed November 23, 2004, in the Philadelphia County Court of Common Pleas, granting the petition of Appellee Bradford White Corporation to transfer venue to Delaware County on the basis of *forum non conveniens*.[1] For the reasons set forth below, we reverse and remand the matter to Philadelphia County.

¶ 2 On January 4, 2003, Appellant Michael Raymond fell into a bathtub filled with scalding water in his apartment at 1023 Ward Street in Chester, Delaware County. Although his niece Desiree Staples pulled him from the tub almost immediately, Appellant suffered second and third degree burns to his head, torso and

---

* Retired Justice assigned to Superior Court.

1. An appeal from a pretrial order transferring venue is permissible under Pa.R.A.P. 311(c).

arms. On July 28, 2003, Appellants filed a negligence action in the Philadelphia County Court of Common Pleas against their landlord, claiming that the water temperature on the boiler was set too high.[2] On December 15, Appellants filed an amended complaint including the manufacturer of the boiler, Appellee Bradford White Corporation, as a defendant. The amended complaint includes additional claims of negligence, strict liability, and breach of warranty against Appellee. In January of 2004, both Appellee and the landlord defendants filed preliminary objections challenging venue in Philadelphia. The objections were overruled by Order dated March 16, 2004, and discovery continued in Philadelphia County.

¶ 3 On September 28, 2004, Appellee filed a motion to transfer the matter to Delaware County on the basis of *forum non conveniens*.[3] Appellee also filed a motion for summary judgment a few days later. By Order docketed November 23, 2004, the trial court granted Appellee's *forum non conveniens* motion and transferred the case, as well as the outstanding motion for summary judgment, to Delaware County. Appellants moved for reconsideration which the court promptly denied, and this timely appeal follows.

¶ 4 Appellants raise one issue on appeal:

> Whether the Trial Court abused its discretion and/or misapplied the law in transferring venue of this case to Delaware County when the record demonstrates that Appellee Bradford White Corp. provided no evidence that trial in

Philadelphia is vexatious or oppressive to Appellee.

(Appellants' Brief at 4).

¶ 5 Pennsylvania Rule of Civil Procedure 1006(d)(1) permits the transfer of a case from one county to another "[f]or the convenience of parties and witnesses." This Court will not reverse a trial court's decision to transfer venue absent an abuse of discretion. *Wood v. E.I. du Pont de Nemours and Co.*, 829 A.2d 707, 709 (Pa.Super.2003) (*en banc*), *appeal denied*, 580 Pa. 699, 860 A.2d 124 (2004). As our Supreme Court explained in *Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 701 A.2d 156, 162 (1997), the doctrine of *forum non conveniens* is actually a misnomer; indeed, "the defendant must show more than that the chosen forum is merely inconvenient to him" to justify the transfer of a case from the plaintiff's chosen venue. Under *Cheeseman*, "a petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Id.* The Court explained that the burden may be met by

> establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself ... [or] by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute.

---

**2.** Michael Raymond's wife, Bernadette, seeks damages for loss of consortium.

**3.** The landlord defendants—Park Terrace Apartments, Inc., 1120 Ward Street Corporation, and 2014–2044 E. 177 Corporation—did

not join in Appellee's motion. However, they have filed a brief in support of the trial court's ruling, and, in fact, still contend that they are not subject to venue in Philadelphia County.

*Id.* Moreover, the *Cheeseman* Court disregarded claims that "no significant aspect of the case involves the chosen forum, and that litigating in another forum would be more convenient." *Id.* As this Court declared in *Wood, supra,* a balancing of the chosen and proposed forums is not appropriate:

> Indeed, the *Cheeseman* standard presupposes that the plaintiff's choice of forum is more convenient ... [and] will prevail even if it is inconvenient to the defendants. The defendant will be able to transfer the case only if it carries its heavy burden of proof that the forum is oppressive to him. Because the *Cheeseman* standard already tips the scales heavily in the plaintiff's favor, the court need not expressly weight the relative convenience of the forum to both sides. Rather the proper focus of the inquiry "is whether the choice of forum is oppressive or vexatious to the defendant." *Cheeseman,* 701 A.2d at 162 n. 6.

*Id.* at 715. With this standard in mind, we review the trial court's decision in the present case.

¶ 6 As the court notes in its Opinion, Delaware County clearly has a far greater connection to this case than Philadelphia County. Indeed, all of the operative facts occurred in Delaware County, Appellants and their niece still live there, and almost all of the medical treatment and therapy was administered there. The court then concluded that "having the trial in Philadelphia was oppressive and vexatious to [Appellee] as well as to the apartment Defendants." (Trial Ct. Op. at 7). However, we find that the court improperly applied a balancing test and failed to hold Appellee to its burden of demonstrating that trial in Philadelphia County would be oppressive, rather than merely inconvenient. Indeed, we conclude that we are bound by *Cheeseman, supra,* and its progeny to reverse the transfer order in the present case.

¶ 7 Since the *Cheeseman* decision was filed, this Court has been reluctant to transfer cases from Philadelphia to the surrounding counties based on *forum non conveniens.* See *Catagnus v. Allstate Insurance Co.,* 864 A.2d 1259 (Pa.Super.2004) (declining to transfer case from Philadelphia to Bucks County); *Johns v. First Union Corp.,* 777 A.2d 489 (Pa.Super.2001) (declining to transfer case from Philadelphia to Bucks County); *Hoose v. Jefferson Home Health Care, Inc.,* 754 A.2d 1 (Pa.Super.2000), *appeal denied,* 564 Pa. 734, 766 A.2d 1249 (2001) (declining to transfer case from Philadelphia to Delaware County). *But see Mateu v. Stout,* 819 A.2d 563 (Pa.Super.2003) (affirming transfer of case from Philadelphia to Delaware County). In reality, traveling from Delaware, Bucks, Montgomery or Chester County to Philadelphia is not particularly onerous. And, despite the fact that the burden on the already congested Philadelphia County Court of Common Pleas to resolve cases that have only a tenuous connection to the city is quite real, the Supreme Court has made clear that court congestion in the chosen venue is not a proper consideration in a *forum non conveniens* determination. See *Cheeseman, supra* at 162. Therefore, Appellee here faced a very heavy burden to demonstrate with detailed facts on the record "oppression and vexatiousness, not mere inconvenience." *Wood, supra* at 715. We find that it failed to do so.

¶ 8 In its transfer motion, Appellee listed several facts connecting the case to Delaware County: the accident occurred in Chester, Delaware County and the water heater at issue remains there; Appellants still live in the same apartment; Appellants' niece, who witnessed the incident, lives in Woodlyn, Delaware County; the

maintenance person at Appellants' apartment complex lives in Chester, Delaware County; and after the accident, Mr. Raymond received emergency care at Crozer Chester Medical Center in Chester, Delaware County, as well as follow-up medical treatment and therapy from seven providers in Delaware County. In addition, Appellee noted that its principal place of business is in Ambler, Montgomery County. It attached affidavits from three employee/witnesses who live in Newark, Delaware, Exton, Chester County, Pennsylvania, and Frederick, Maryland respectively, which all aver that it would be "burdensome" for them to travel to Philadelphia to testify and that the burden would be "somewhat alleviated if this matter were tried in a court in Media, Delaware County[.]" (Motion to Transfer Venue, Exhibit E, Affidavit of Herb Foster at 1–2; Exhibit F, Affidavit of Robert J. Hunter, at 1; Exhibit G, Affidavit of Theodore J. Sikorski at 1). Moreover, Appellee noted that only two of Appellants' four identified experts have offices in Philadelphia.

¶ 9 Appellants filed a response to the motion disputing Appellee's conclusion that trial in Delaware County would be more convenient for their own witnesses. Indeed, Appellants attached an affidavit from Ms. Staples averring that although she lives in Delaware County, trial in Philadelphia would be more convenient for her because of public transportation issues.[4] Moreover, Appellants disputed the affidavits provided by Appellee's employees/witnesses as disingenuous since they travel farther than Philadelphia, that is, to Ambler, Montgomery County, for work each day.

¶ 10 As this Court stated in *Catagnus, supra,* "[t]he location and convenience of the plaintiff's witnesses is generally immaterial to the central question of whether the forum is oppressive to the defendant." *Id.* at 1264. Indeed, Appellants chose Philadelphia as their forum. Presumably, they will ensure that Philadelphia is convenient for their own witnesses, whether fact-based or expert. Thus, the only relevant facts bearing on the oppressiveness of trial in Philadelphia is that the accident occurred in Delaware County and the boiler in question remains there, Appellee's principal place of business is in Montgomery County, and three of Appellee's employees/witnesses have averred that trial in Philadelphia would be "burdensome." These facts, we find, are insufficient to demonstrate that trial in Philadelphia is more than merely inconvenient to Appellee.

¶ 11 Appellee's reliance on *Mateu, supra,* is misplaced, although superficially, the facts seem very similar to those presented here. In *Mateu,* the appellant, a resident of Delaware County, filed suit against the appellees, one of whom also resided in Delaware County, as a result of an automobile accident that occurred in Delaware County. In a motion to transfer venue, the appellees averred that trial in Delaware County would provide easier access to sources of proof since in addition to being the situs of the collision, two of the parties resided in Delaware County and all of the appellant's medical treatment was rendered there. Moreover, all of the parties, as well as the identified fact witnesses, were located outside of Philadelphia. In her response, the appellant did not specifically deny the averments, but

---

4. Considering Ms. Staples is an eyewitness to the accident as well as the niece of Appellants, we doubt that her transportation issues are as dire as she avers. Indeed, we assume that Appellants' counsel would provide Ms. Staples with cab fare if the trial were held in Media, Delaware County.

rather asserted that the appellees failed to provide a detailed record. The appellees' codefendant, American Insurance Company, also filed a response, admitting all of the averments in the motion. The trial court granted the petition and transferred the matter to Delaware County.

¶ 12 On appeal, this Court affirmed, finding that the trial court's transfer of the case was reasonable. Specifically, we noted that

> ... the record is devoid of any dispute as to the factors the trial court relied upon in finding that litigation of the action in Philadelphia County would be oppressive. Appellant either admits the facts of record, namely, the facts contained within Appellee's petition, or fails to dispute those facts. Appellant simply asserts that the evidence is insufficient to establish that Philadelphia County would be oppressive to Appellee. Absent a denial of the facts of record by Appellant, we must accept the facts as true. These facts establish that all of the parties, as well as the identified fact witnesses, reside outside of Philadelphia County. In addition, Appellant's medical witness is located within Delaware County and all of her medical treatment was rendered in Delaware County.

*Id.* at 567. Therefore, in *Mateu*, this Court relied heavily on the fact that the plaintiff/appellant essentially admitted that Delaware County would provide easier access to all the sources of proof. Here, there is no such admission. Indeed, Appellants have gone out of their way to demonstrate that trial in Philadelphia would not be oppressive to any of the

parties or witnesses. Accordingly, *Mateu* is not controlling.[5]

¶ 13 Because we find that the trial court abused its discretion in transferring this case to Delaware County, we reverse the court's November 23, 2004, Order, and remand the case to Philadelphia County for consideration of Appellee's outstanding summary judgment motion.

¶ 14 Order reversed and case remanded. Jurisdiction relinquished.

---

5. We note with displeasure that one of the cases upon which Appellants rely, *Kummer v. St. Joseph's Regional Health Network*, 2001 Pa.Super. 165 (Pa.Super.2001), was withdrawn by this Court after panel reconsideration was granted, and subsequently filed as an unpublished memorandum. *See Kummer v. St. Joseph Regional Health Network*, 792 A.2d 1294 (Pa.Super.2001) (unpublished memorandum). Thus, any reliance on or citation to this case is improper.