J-S71032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRANDON GASS, AS ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM FOR THE ESTATE OF DOROTHY TALTON, DECEASED, AND ALICIA GASS, INDIVIDUALLY | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : : : | No. 1511 EDA 2018 |
| WANDA GASS, JOSHUA J. MCALLISTER, STETSON COURIER, INC., KITAE PARK, THE HERTZ CORPORATION D/B/A HERTZ RENT-A-CAR, SAMSUNG ELECTRONICS CO., LTD. | : : : : : : : | |

Appeal from the Order Entered April 16, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  April Term, 2016 No. 3505

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                     **FILED APRIL 09, 2019**

Appellants Brandon Gass, as administrator of the estate of Dorothy Talton, deceased, and Alicia Gass, individually, appeal from the order granting the petitions to transfer venue based upon *forum non conveniens*[1] of Appellees Stetson Courier, Inc., and The Hertz Corporation doing business as Hertz

---

[1] An order changing venue in a civil action is interlocutory but appealable as of right.  Pa.R.A.P. 311(c); **see Jackson v. Laidlaw Transit, Inc.**, 822 A.2d 56, 57 n.1 (Pa. Super. 2003).

Rent-A-Car, which was joined by Appellees Wanda Gass and Samsung Electronics Co., Ltd. (Samsung).[2]  We affirm.

The trial court summarized the relevant background of this matter as follows:

> Shortly before midnight on April 30, 2014, [Appellee] Wanda Gass was traveling eastbound on the Pennsylvania Turnpike in Newville, Pennsylvania, Cumberland County.  Decedent Dorothy Talton and [Appellant] Alicia Gass were passengers in [Appellee] Wanda Gass's vehicle.  [All three were returning to their home in Atco, New Jersey.] The area where [Appellee] Wanda Gass was operating her car was a two-lane stretch of turnpike that was under construction.  Although no construction was ongoing at the time that [Appellee] Wanda Gass was driving in the area, the roadway was set up for such construction, with Jersey barriers on either side of the roadway.  Given the late time of night, it was dark.  A steady rain was falling.
>
> Approximately 500 feet beyond the crest of a hill [Appellee] Wanda Gass stopped her car in the right hand lane of the turnpike and turned the lights of the vehicle off.  Subsequently, [Appellee] Gass's vehicle was struck first by [Appellee] Josh McAllister's vehicle and then a second time by Kitae Park's vehicle.  Decedent Dorothy Talton was thrown from the vehicle and was pronounced dead at the scene.  Surviving [Appellant] Alicia Gass suffered serious injuries, including facial lacerations, head injury resulting in loss of consciousness, and other injuries that required intubation.  [Appellant] Alicia Gass was treated at Carlisle Regional Hospital immediately following the accident and eventually was transferred to Hershey Medical Center for further treatment.
>
> * * *
>
> On April 29, 2016, [Appellant] Alicia Gass, acting on her own behalf, and [Appellant] Brandon Gass, acting as Administrator of the Estate of Dorothy Talton, filed this action in . . . Philadelphia. [Appellants] brought several claims for negligence and wrongful death, as well as a survival action.  On December 26, 2017, [Appellee] Hertz [Corporation] filed a Motion to Transfer for *Forum*

---

[2] The remaining defendants are not parties to this appeal.

> *Non Conveniens* and [Appellee] Samsung eventually joined that [m]otion. [Appellee] Stetson Courier filed an analogous [m]otion on December 28, 2017. [Appellees] argued that venue should be transferred from Philadelphia to Cumberland County because (1) the accident occurred in Cumberland County; (2) neither the [Appellants] nor [Appellees] reside in Philadelphia; and (3) multiple witnesses have attested via signed affidavit to the hardship of traveling 150 miles from where they live and work in Cumberland County to Philadelphia for an eventual trial. On February 2, 2018, [Appellants] filed an answer [to] each motion opposing transfer. On February 5, 2018[,] this [c]ourt permitted the parties to conduct discovery on the issue of venue and ordered the parties to submit supplemental briefing by April 6, 2018. [Eight witnesses were deposed on March 27, 2018, in Cumberland and Dauphin Counties regarding the issue of hardship in traveling to Philadelphia for trial.[3] Appellees] Wanda Gass and Hertz [Corporation] timely complied with this [c]ourt's [o]rder [regarding supplemental briefing]. [Appellee] Stetson Courier filed untimely supplemental briefing on April 9, 2018. [Appellants] also filed an untimely supplemental brief on April 9, 2018.

Trial Ct. Op., 8/6/18, at 1-2.

In their supplemental briefing, Appellees relied upon the affidavits and depositions of Appellees' witnesses, which included testimony indicating the hardships that would arise if each witness were to take time away from work and personal obligations to travel to and from Philadelphia for trial.

Corporal Glenn Ahl, a supervisor at the Newville State Police barracks in Cumberland County, testified that Troopers Neil Gearhart and William Duncan responded to the scene of the accident. Corporal Ahl testified that the Pennsylvania State Police barracks where he and Troopers Gearhart and Duncan work is understaffed. Ahl Dep., 3/27/18, at 8. Corporal Ahl stated

---

[3] An additional witness, Trooper Cord Holliday, who had responded to the scene of the accident, had been deposed separately for trial in January 2018 in Philadelphia.

that it would be a much lesser burden for the Troopers to appear for trial in Cumberland County because it would take less time and be less likely to result in gaps in coverage. *Id.* at 15-16. According to Corporal Ahl, state vehicles would have to be supplied to the Troopers to make the trip to and from Philadelphia. *Id.* at 14-15.

Troopers Duncan and Gearhart confirmed Corporal Ahl's testimony and testified to personal responsibilities at home that also would be disrupted. *See* Duncan Dep., 3/27/18, at 13-15; Gearhart Dep., 3/27/18, at 9-12. Retired Corporal John Rosenberger, who had investigated the matter, testified that although he did not have work obligations, travel to Philadelphia for trial would be a hardship because he was moving out of the Cumberland County area and Philadelphia would be much further away than Cumberland County. Rosenberger Dep., 3/27/18, at 10.

Former Cumberland County Deputy Coroner Christopher Zeigler, who now works as an instructor for a healthcare facility management company, testified that his teaching schedule would be significantly disrupted if the trial occurred in Philadelphia as opposed to Cumberland County. *See* Zeigler Dep., 3/27/18, at 10-14. Cumberland County First Deputy Coroner Mark Kann testified to the hardships that would affect his office based on his belief that coroner records that are subpoenaed from the Coroner's office would have to be personally delivered to the court. Kann Dep., 3/27/18, at 10-11.

Paramedics Scott Tindel and James Wettrich, Jr., were first responders to the scene of the accident. Mr. Tindel normally works a night shift and Mr.

Wettrich normally works a day shift. Mr. Tindel testified that he would likely have to work an overnight shift, travel to and from Philadelphia for trial, and immediately work another night shift. Tindel Dep., 3/27/18, at 11. Mr. Wettrich testified that he has supervisory duties that would be disrupted if he were required to travel to and from Philadelphia for trial. *See* Wettrich Dep., 3/27/18, at 9-19.

On April 13, 2018, the trial court granted Appellees' motions to transfer based on *forum non conveniens*, and transferred the matter to the Court of Common Pleas of Cumberland County.[4]

Appellants filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The trial court complied with Rule 1925(a). In its Rule 1925(a) opinion, the trial court indicated that

> [i]n the present case, and despite [Appellants'] contrary assertions, [Appellee[5]] provided detailed evidence to support [her] Motion to Transfer. [Appellee] submitted eight sworn affidavits affirming [her] witnesses' location in Cumberland County and the personal and professional hardships that these affiants would face if required to travel to Philadelphia for trial. [Appellee] provided further detail as to the burden that trial in Philadelphia would impose on [Appellee's] witnesses in the form of eight deposition transcripts. Moreover, these eight depositions also detailed the fact that trial in Philadelphia would provide poor access to relevant sources of proof[.]

---

[4] Shortly after the motions to transfer venue were granted, all defendants in this case except Appellee Wanda Gass settled this matter. Accordingly, Wanda Gass is the only remaining Appellee in this appeal, and will be designated as "Appellee."

[5] Appellee joined the Hertz Corporation's motion to transfer in full and provided supplemental briefing to the trial court regarding the motion.

Trial Ct. Op. at 12.

On appeal, Appellants raise the following questions for our review:

[1.] Whether the [trial] court abused its discretion in impermissibly narrowing the totality of the circumstances standard by placing undue weight on only four factors, contrary to Supreme Court precedent that demonstrates that [Appellee's] witnesses' alleged hardships amount to mere inconveniences which do not support a decision to transfer to Cumberland County?

[2.] Whether in its analysis of the totality of the circumstances, the trial court abused its discretion in ignoring factors raised by [Appellants,] which are relevant to whether the [Appellee's] affiant witnesses would be oppressed by testifying in trial in Philadelphia?

[3.] Whether the trial court abused its discretion in neglecting to address that the majority of [Appellee's] witnesses will not testify at trial?

Appellants' Brief at 7-8 (emphasis in original) (full capitalization omitted).

In their first two issues, Appellants raise related claims that the trial court improperly considered the totality of the circumstances in granting Appellee's motions to transfer venue based on *forum non conveniens*.

Specifically, Appellants assert that the trial court put undue weight on the distance between Philadelphia and Cumberland County. *Id.* at 24. Appellants argue that the trial court gave excessive consideration to the personal and professional disruptions in the lives of Appellee's witnesses. Appellants assert that "evidence of disruption to present personal obligations is a factor entitled to little weight," and "the professional lives of [Appellee's w]itnesses would be merely inconvenienced, which is insufficient to support a transfer of venue." *Id.* at 26, 34. Similarly, Appellants argue that the trial

- 6 -

court "gave too much credence to the assertion that Cumberland County would provide greater access to relevant sources of proof [such as the coroner's records and viewing the site of the accident]." *Id.* at 35.

Appellants also assert that the trial court ignored certain factors that should have been assessed as a part of the totality of the circumstances analysis. Appellants argue that the trial court failed to address the oppression that Appellee will face by transferring this matter to Cumberland County. *Id.* at 42. Additionally, Appellants assert that the motions to transfer were filed at a late stage in litigation. *Id.* at 40.

> Regarding our standard of review, it is well settled that

> appellate courts review a trial court's ruling on a motion to transfer for an abuse of discretion.

>> In this regard, the trial court's ruling must be reasonable in light of the peculiar facts. If there exists any proper basis for the trial court's decision to transfer venue, the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence o[f] the record.

*Bratic v. Rubendall*, 99 A.3d 1, 7 (Pa. 2014) (citations omitted).

Pennsylvania Rule of Civil Procedure 1006 provides for the transfer of venue as follows: "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1).

"[A] petition to transfer venue should be granted only if the defendant 'demonstrat[es], with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant.'" **Bratic**, 99 A.3d at 7 (quoting **Cheeseman v. Lethal Exterminator, Inc.**, 701 A.2d 156, 162 (Pa. 1997)). "[T]he party seeking a change of venue bears a heavy burden in justifying the request . . . ." **Id.** (citation omitted). A trial court is not to "engage[] in a balancing test. We rejected that approach . . . because it disregarded the great weight accorded to the plaintiff's initial choice of forum. Transfer on forum *non conveniens* grounds is proper only if the defendant proves that the chosen forum is oppressive to him." **Moody v. Lehigh Valley Hosp.-Cedar Crest**, 179 A.3d 496, 508 (Pa. Super. 2018) (citations omitted), *appeal denied*, 194 A.3d 117 (Pa. 2018).

Determining whether a forum is oppressive "requir[es] consideration of the totality of the circumstances. The distance between the two forums, the disruption to the parties' personal and professional lives, are part of the equation, but no one factor is dispositive." **Id.** at 508 n.9. Additionally, a trial court may consider factors such as whether depositions of defense witnesses have taken place in the plaintiff's chosen forum and inconvenience to defense witnesses in the requested forum. **See Fessler v. Watchtower Bible & Tract Soc'y of New York, Inc.**, 131 A.3d 44, 52 (Pa. Super. 2015); **Hoose v. Jefferson Home Health Care, Inc.**, 754 A.2d 1, 4 (Pa. Super. 2000).

As to the timing of a petition to transfer venue, "Rule 1006(d) imposes no time limit upon a party who seeks to transfer venue[.]" ***Wood v. E.I. du Pont de Nemours & Co.***, 829 A.2d 707, 710 (Pa. Super. 2003) (*en banc*) (internal quotation marks and citation omitted). However, our courts have nonetheless considered the timeliness of a petition to transfer venue. ***See, e.g.***, ***Fessler***, 131 A.3d at 52 (providing that where a motion to transfer based on *forum non conveniens* is filed on the eve of trial as an abusive tactic or "a tool [to] forestall litigation," it should not be granted).

In ***Bratic***, the plaintiffs initiated an action in Philadelphia, asserting wrongful use of civil proceedings and abuse of process claims based on a previously dismissed lawsuit that had been litigated in Dauphin County. ***Bratic***, 99 A.3d at 3. Pursuant to Pa.R.C.P. 1006(d)(1), the defendants "petitioned to transfer the case to Dauphin County based on *forum non conveniens,* alleging the pertinent 'witnesses and evidence [were] located in Dauphin County such that depositions and trial in Philadelphia County [would] be a hardship to the [defendants] and the witnesses upon whom [the defendants] must rely.'" ***Id.*** at 3-4 (citation omitted). In support of their petition to transfer, the defendants

> presented affidavits of seven witnesses, all of whom live over 100 miles from Philadelphia, each stating that holding the trial there "would be both disruptive and a personal and financial hardship if [the witnesses] should be called to testify at deposition or trial" because they "would have to incur substantial costs for fuel, tolls and, if traveling overnight, for lodging and meals[, and for] every day of deposition or trial in Philadelphia, [they] would be forced to take at least one full day away from [work]."

*Id.* at 4 (footnotes omitted).

The trial court in ***Bratic*** granted the motion to transfer, finding the choice of Philadelphia to be vexatious and oppressive to the defendants since

> (1) the earlier claim took place in Dauphin County; (2) all [of the defendants were] from Dauphin County and none of [the plaintiffs were] from Philadelphia County; (3) each of [the defendants'] eight witnesses live[d] over 100 miles from Philadelphia County and [] "engaged in business activities which [made] their ability to appear at trial in Philadelphia County far more of a burden than a trial in Dauphin County"; and (4) "[t]he sole connection with Philadelphia County [was] the fact that all [defendants] occasionally conduct[ed] business in Philadelphia."

*Id.* (citation omitted).

Our Supreme Court overruled this Court's *en banc* decision to reverse the trial court and affirmed the trial court's decision to transfer venue:

> If we consider only [the defendants'] seven affidavits, there "exist[ed] a [ ] proper basis for the . . . transfer[.]" It cannot be said the trial court misapplied the law or failed to hold [the defendants] to their proper burden to establish oppression. While typically the "fact that the site of the precipitating event was outside of plaintiff's choice of forum is not dispositive[,]" it is axiomatic that "when the case involves a transfer from Philadelphia to a more distant county . . . , factors such as the burden of travel, time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant[.]"
>
> As with other factors insufficient on their own, distance alone is not dispositive, but it is inherently part of the equation. . . . Dauphin County . . . is not a neighbor of Philadelphia, and one needs no detailed affidavit to understand the difference in logistics necessitated by a separation of 100 miles. . . .
>
> We thus cannot accept [the plaintiffs'] argument that [the defendants'] affidavits were "plainly inadequate to overcome the great deference owed to a plaintiff's choice of forum[.]"

*Id.* at 9 (citations and footnote omitted).

Appellants rely on *Moody* in support of their claims that the trial court placed too much weight on the disruption to the defense witnesses' personal and professional obligations. In *Moody*, the administrators of a decedent's estate brought a wrongful death action against the decedent child's medical care providers. The Court of Common Pleas of Philadelphia County granted the medical care providers' petition to transfer venue to Lehigh County based on *forum non conveniens*. *Moody*, 179 A.3d at 498. The administrators appealed, and this Court reversed the order granting transfer because the trial court applied the incorrect standard. *Id.* at 508.

The *Moody* Court concluded that the trial court "fault[ed the a]dministrators for not introducing specific evidence of individuals in Philadelphia who would be oppressed by a trial in Lehigh County, [and in so doing,] the court missed the mark . . . [and, ultimately,] improperly engaged in a balancing test." *Id.* Additionally, the trial court erred by refusing to consider evidence the administrators had presented that specifically refuted the medical care providers' claims of oppression in relation to their job duties. *Id.* at 508-09.

Here, we find that the instant matter is more closely aligned with the facts of *Bratic* as compared to the facts of *Moody*. In *Bratic*, a distance of over 100 miles from Philadelphia created a hardship for the defendants, and here the distance is over 100 miles. *See Bratic*, 99 A.3d at 4. Moreover, the remainder of the considerations the *Bratic* trial court used to determine the

chosen forum was oppressive are present here. Neither Appellee nor Appellants are from Philadelphia County, potential witnesses for Appellee are engaged in activities that make their ability to appear in Philadelphia a greater burden than appearing in Cumberland County, and the sole connection with Philadelphia was the fact that some Appellees[6] at times conduct business in Philadelphia. ***See Bratic***, 99 A.3d at 4.

As to Appellants' assertions that the trial court gave too much weight to the hardships Appellee's witnesses will face in their personal and professional lives, we note that the trial court had access to all of the deposition transcripts of the witnesses and decided the weight to give the testimony contained in the depositions. Unlike ***Moody***, the trial court did not refuse to consider evidence tending to refute the hardship of the defense witnesses appearing in Philadelphia. Accordingly, we will not disturb the trial court's determinations on appeal. ***See id.*** at 7.

When it comes to access to sources of proof, Appellants also assert that the trial court gave this factor too much weight. Appellants note that it is unlikely that the Coroner's office will have to send an individual to personally deliver subpoenaed records in this case, since the documents from the Coroner's office have been obtained in discovery. Appellants' Brief at 37. While requiring the Coroner's office to send a person with records to the courthouse may be an unlikely scenario, it is not clear that the trial court

---

[6] The record does not reveal that Appellee Wanda Gass has a connection to Philadelphia.

afforded this factor undue weight, since a site view of the accident scene has not been precluded in this case. Furthermore, the witnesses themselves are a source of proof, and no one disputes that all of the potential defense witnesses in this case are from Cumberland County or nearby.

Turning to the factors that Appellants assert the trial court failed to consider in analyzing the totality of the circumstances, which include the timing of the motions to transfer, we note that the trial court correctly indicated that a motion to transfer venue under Rule 1006(d) can be filed at any time. **See** Trial Ct. Op. at 18. Under the particular facts of **Fessler**, this Court held that the motion to transfer venue was filed on the eve of trial to disrupt the litigation and prevent trial from occurring. **See Fessler**, 131 A.3d at 52. That is not the case in this matter, where discovery was ongoing and a trial date had not been set at the time the motions to transfer venue were filed. Accordingly, we discern no abuse of discretion regarding the trial court's refusal to consider the timing of the motions as a factor supporting a denial of the motions to transfer. **See Bratic**, 99 A.3d at 7.

Appellants also assert that the trial court should have considered the burden on Appellant Wanda Gass to appear in Cumberland County as compared to Philadelphia. While Wanda Gass lives in Atco, New Jersey, which makes Cumberland County farther for her than Philadelphia, she is not merely a witness but a necessary party to the case. At this juncture, the witnesses identified are all in the Cumberland County area.

Similarly, when considering whether depositions had taken place in Philadelphia prior to the filing of the motions to transfer, one witness, Trooper Holliday, was deposed in Philadelphia. However, the remaining eight depositions that were taken of defense witnesses were specifically regarding transfer of the case on *forum non conveniens* grounds and were taken in Cumberland County and the adjacent Dauphin County. Accordingly, this is not a situation where "depositions of various witnesses[ had] already been conducted in Philadelphia" at the time the motions to transfer venue were filed. ***See Hoose***, 754 A.2d at 4. Accordingly, we discern no abuse of discretion. ***See Bratic***, 99 A.3d at 7.

In their final issue, Appellants assert that the trial court erred because a trial would not require the attendance of many of the defense witnesses who indicated they would be oppressed by having to appear in Philadelphia for trial. Appellants' Brief at 44. Upon review, we discern no reason to disturb the trial court's consideration of each of the affidavits and depositions and conclusions regarding this issue. ***See Bratic***, 99 A.3d at 9.

Based on the analysis of the totality of the foregoing factors, we agree with the trial court that Appellee met her burden of demonstrating that Philadelphia is an oppressive forum. ***See*** Trial Ct. Op. at 12. Because the record reveals a basis for transferring the instant matter, we discern no abuse of discretion on the part of the trial court in relying on the aforementioned factors and affidavits and depositions of potential witnesses to determine that the chosen forum of Philadelphia was oppressive. ***See Bratic***, 99 A.3d at 9.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/19