Blair *v.* Blair, Appellant.

Argued March 22, 1961. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Tullio Gene Leomporra,* with him *James P. Geoghegan,* for appellant.

*H. Lyle Houpt,* for appellee.

OPINION BY WATKINS, J., June 15, 1961:

This is an appeal from an order of the Court of Common Pleas of Montgomery County refusing to open a decree a.v.m. entered by that court on July 31, 1958, on the grounds of desertion and indignities to the person, in favor of Ralph H. Blair, Sr., the husband-appellee, and against Mary M. Blair, the wife-appellant.

The divorce complaint was lodged by the husband on March 8, 1957. It was admitted that the husband was not a resident of Montgomery County. The divorce complaint alleged that the wife resided with her sister, Helen C. Sell, at 1097 Terrace Lane, Pottstown, Montgomery County, Pennsylvania. Attempts to make service at that address were unsuccessful and on April 26, 1957, the Sheriff made a return of "not found". Service was then made by publication and a master, D. Stewart McElhone, Esq., was appointed. After a number of hearings, the master filed his report recommending a divorce and the decree in divorce was entered by the court below on July 31, 1958. The two children of the marriage, after the couple's separation, remained with the husband and were with him at the time of the divorce hearings. The husband has since remarried.

On September 8, 1958, this petition to open the decree in divorce was filed, in which the wife averred that she was never a bona fide resident of Montgomery County and that the instant decree was entered "without notice to her and without an opportunity to be heard and present her defense." Rule 1122 Pa. R. C. P. provides: "The action may be brought in and only in the county in which the plaintiff or the defendant resides." The question is one of venue and not jurisdic-

tion and venue may always be waived. It is a matter of procedure and not substance. *McGinley v. Scott,* 401 Pa. 310, 164 A. 2d 424 (1960). Where the applicable statute or rule, as in this Commonwealth, requires residence in the county where the suit is instituted, but is silent as to any requisite duration of such residence the courts seem agreed that any residence, for no matter how brief a period, is sufficient time. "Under venue statutes applicable to divorce suits but containing no specification of an amount of time as to the plaintiff's residence in a particular county which is requisite to the laying of venue therein, it is universally held that the residence need not have been continued for any particular length of time." 54 A.L.R. 899. *Rosenberg v. Rosenberg,* 163 Pa. Superior Ct. 138, 60 A. 2d 350 (1948); *Miln v. Miln,* 175 Pa. Superior Ct. 613, 106 A. 2d 862 (1954).

The master, after the first hearing, decided that he wanted corroborative evidence as to the residence of the wife. At a subsequent hearing, Helen Sell, a sister of the wife, and a registered nurse, testified that the wife lived with her at 1097 Terrace Lane, Pottstown, since January 24, 1957; and indicated to her that it was the wife's intention to remain with her indefinitely. Helen Sell was 50 years of age, a registered nurse, employed as a nurse anesthetist at the Pottstown hospital. The husband testified that she resided with her sister at the above address and that it was the last residence of which he had knowledge.

We agree with the court below that: "In our view, the Master had a right to accept this sworn allegation and uncontested testimony as to the residence of defendant. The testimony showed that defendant moved into her sister's home with the intent to remain there indefinitely on January 24, 1957. The plaintiff testified that, so far as he knew, defendant still resided there. The defendant's sister stated that Mrs. Blair

left without giving any reason on February 4, 1957, and that her present whereabouts were unknown."

"Jurisdiction of subject matter can never attach nor be acquired by consent or waiver of the parties, while venue may always be waived." *McGinley v. Scott,* supra. Venue was waived by the wife when she entered a general appearance filed in the prothonotary's office on May 2, 1958. *Chasman v. Chasman,* 161 Pa. Superior Ct. 77, 53 A. 2d 876 (1947).

The wife's complaint that the decree was entered without any notice or opportunity to be heard is belied by the record. Notices of the master's hearing were sent to her at her residence with her sister, at 1097 Terrace Lane, Pottstown, Pennsylvania. The master's report and his depositions taken under this rule disclose that a letter postmarked November 23, 1957, addressed to the Clerk of the Court of Montgomery County was turned over to him. It was from the wife and stated that she never lived in Montgomery County. He then sent her a letter to the Philadelphia address giving her complete information concerning the divorce and informing her that "I have withheld filing my report pending the introduction of further evidence verifying that you had in fact resided in Montgomery County." He went on to say, "Your letter now indicates that if a divorce action is in progress against you, you wish an opportunity to appear and be heard. I therefore propose to schedule an additional hearing at which you may appear, and at which I intend to inquire more thoroughly into the matter of your residence. I would appreciate if either you or your attorney would get in touch with me so that I may arrange a time and place for such additional hearing as is mutually convenient."

On December 31, 1957, the master received a letter from Aaron S. Swartz, Esq., who stated that he represented the wife and raised the same residence question.

After correspondence between the master and attorney Swartz, involving a number of letters, a final letter was received by the master that this attorney no longer represented her. The master then wrote the following letter to the wife. "On December 13, 1957, I wrote to you about the divorce action begun by your husband in Montgomery County, and in which action I am serving as Master. Subsequent to that date, a Montgomery County attorney, Aaron S. Swartz, 3rd, contacted me in your behalf. Mr. Swartz now advises me that he no longer represents you.

"The attorney for your husband has expressed to me his wish to proceed in this matter. I feel that you have had an ample opportunity to enter a defense to this divorce action if that has been your desire. This letter is to advise you that I am scheduling an additional Master's hearing to be held on Saturday, April 12, 1958 at 10:00 o'clock A.M., in my law offices at 110 S. York Road, Hatboro, Pa., which hearing will, I hope, conclude all testimony necessary for the disposition of this case. You have a right to attend such hearing either in person or in company with your attorney, if you wish to do so." No answer of any kind was ever given to the master nor did the wife appear at the subsequent hearing.

The petitioner contends that the testimony of her sister, as to residence, was obtained by false representations by the husband's counsel and that she signed the general appearance because it was represented to her that it was only a statement that she lived in Pennsylvania. This testimony was denied and the question was clearly one of credibility which the court below resolved against her and, in the face of this record, properly did so. The master went to great pains to obtain competent, corroborative testimony as to the wife's residence and went into detail, by letter, in explaining her right to be heard and making it possible

for her to be heard. Her complaint that the decree was entered without notice to her and without being given an opportunity to enter a defense is utterly without merit.

A petition to open a decree in divorce is equitable in nature and equitable principles apply. Freedman, Law of Marriage and Divorce in Pennsylvania, §727. The action of the court below will not be reversed unless there is a clear abuse of discretion. *Given v. Given,* 25 Pa. Superior Ct. 467, 472 (1904). A petition to open a judgment is equitable in nature and such principles are applicable to divorce decrees. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938). The wife failed to sustain her burden; and the denial of this petition was not an abuse of discretion.

Order affirmed.