## Tanis, Appellant, v. Tanis.

Argued June 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Steven A. Arbittier,* with him *Anthony S. Minisi,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

*Herman P. Weinberg,* for appellee.

OPINION BY WRIGHT, J., September 16, 1965:

We are here concerned with an appeal by the wife from an order of Court of Common Pleas No. 2 of Phil-

adelphia County, entered April 9, 1964, dismissing her complaint in divorce. An examination of this voluminous original record reveals a long and involved history which it will be necessary to set forth in some detail.

Billie Rothenberg and Paul G. Tanis were married on January 28, 1951, and have two children. The husband is forty-one years of age, and is engaged in business as a roofing contractor. The wife is aged forty-five years, and is presently unemployed. On June 28, 1961, the wife filed a complaint in divorce on the ground of indignities to the person. On July 6, 1961, the parties entered into a post-nuptial property settlement agreement. On September 28, 1961, a master was appointed in the divorce action. On October 18, 1961, the wife filed a supplemental complaint under Pa. R. C. P. No. 1127(b) to enforce the post-nuptial property settlement agreement.[1] On November 30, 1961, the master filed a report recommending that the divorce be granted. On December 8, 1961, the husband filed exceptions. On February 26, 1962, the husband obtained a rule to show cause why the case should not be remanded to the master for the purpose of taking additional testimony on the question of collusion and lack of jurisdiction. By stipulation of counsel filed April 11, 1962, and with court approval, the exceptions

[1] Because this collateral proceeding is not material in the disposition of the instant appeal, and in the interest of brevity, we will not chronicle the many pleadings in connection with the supplemental complaint. It was filed by virtue of the amendment to Section 15 of The Divorce Law, Act of May 2, 1929, P. L. 1237, 23 P.S. 15, which conferred on courts of common pleas, inter alia, the following jurisdiction: "(a) The determination and disposition of property rights and interests between spouses, including any rights created by any antenuptial or post-nuptial agreement and including the partition of property held as tenants by the entireties or otherwise, and any accounting between them, and the order of any alimony, maintenance, counsel fees, costs or other allowances authorized by law".

and rule to remand were withdrawn. On April 27, 1962, a final decree was entered.

The present proceeding is based on testimony taken at the eventual hearing (January 7 and 8, 1963) on the supplemental complaint, at the conclusion of which the hearing judge directed counsel "to file a petition for leave to open nunc pro tunc". Pursuant to this direction, the husband filed a petition on January 23, 1963, for a rule to show cause why the final decree should not be vacated and the case remanded to the master for the purpose of taking additional testimony on the question of collusion and lack of jurisdiction. This rule was made absolute on February 6, 1963.[2] After taking additional testimony the master filed a supplemental report on September 10, 1963, in which he found that the court had jurisdiction and that there was no collusion, and again recommended that the divorce be granted. On September 20, 1963, the husband filed exceptions to the master's supplemental report. On April 9, 1964, these exceptions were sustained and, as previously indicated, the complaint in divorce was dismissed. This appeal followed.

The purported jurisdictional question has no substance whatever. It is undisputed that both parties resided in the Commonwealth of Pennsylvania for a number of years prior to the filing of the complaint in divorce. The position taken by the husband is that venue did not lie in Philadelphia County since the parties actually lived in Montgomery County. However, the husband entered a general appearance. As pointed out by the court below, any objection in connection with venue was thereby waived: *Blair v. Blair*, 195 Pa. Superior Ct. 406, 171 A. 2d 854.

---

[2] The fact that the wife could have appealed immediately from this order does not preclude her from questioning it in the instant appeal: *Home B. & L. Assn. v. Houlihan*, 373 Pa. 43, 95 A. 2d 189; *Rosenblum v. Edwards*, 137 Pa. Superior Ct. 33, 8 A. 2d 468; *Schomaker v. Dean*, 201 Pa. 439, 50 A. 923.

The justification offered by the lower court for its action in vacating the final decree and dismissing the complaint is thus stated in the opinion below: "After careful consideration of this entire matter we must conclude that there was present in this case the element of collusion, since it is clear that there was an agreement between the parties for the securing of a divorce by wife plaintiff . . . Plaintiff's unequivocal admission to the trial judge that she and her husband had agreed to secure a divorce was the only credible statement made by her in a series of contradictions on this question. Her subsequent attempt to modify this admission at the second Master's hearing is simply not worthy of belief".

A divorce decree may be vacated or stricken off only for a defect apparent on the face of the record. Where new evidence must be introduced in order to sustain the attack, the decree should be opened, not vacated or set aside: *McLaughlin v. McLaughlin,* 199 Pa. Superior Ct. 53, 184 A. 2d 130; *Wisor v. Wisor,* 175 Pa. Superior Ct. 233, 103 A. 2d 498. In the instant case, the purported collusion was not a defect apparent on the face of the record, and it was therefore improper to vacate the decree. However, since the order to vacate was coupled with a remand for the purpose of taking additional testimony, it is obvious that what the lower court really intended was to open the decree.

A petition to open a decree in divorce is equitable in nature and is governed by equitable principles: *Blair v. Blair,* supra, 195 Pa. Superior Ct. 406, 171 A. 2d 854. There is a presumption that a decree of divorce is valid: *Magistro v. Magistro,* 182 Pa. Superior Ct. 487, 127 A. 2d 758. Such a decree may be opened only on the ground of extrinsic fraud, which means conduct by the prevailing party which has prevented a fair submission of the controversy: *Masciulli v. Masciulli,* 194 Pa. Superior Ct. 646, 169 A. 2d 562. While

we are not persuaded that a finding of collusion should have been made on this record, it is entirely clear that there was no extrinsic fraud. The question of intrinsic fraud in the granting of a divorce may not be raised after the expiration of the term in which the decree was entered: *Contakos v. Contakos*, 204 Pa. Superior Ct. 445, 205 A. 2d 619. The distinction is pointed out in the leading case of *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154, wherein our Supreme Court held that the equities in that case "in no sense required the decree to be opened". See also *McFadden v. McFadden*, 91 Pa. Superior Ct. 301.

There is an additional factor militating against the position of the husband in the instant case. As already noted, the husband's original petition for a rule to show cause why the case should not be remanded for the purpose of taking additional testimony on the question of collusion was withdrawn. The final decree was thereafter entered without complaint on the husband's part. See *Wisecup v. Wisecup*, 190 Pa. Superior Ct. 384, 154 A. 2d 332. The petitioner in an equitable proceeding of this nature must come into court with clean hands. The term collusion implies an agreement to which the husband was necessarily a party, and he is therefore in no position to seek equitable relief. Cf. *Field v. Field*, 67 Pa. Superior Ct. 355. Counsel for the husband cites *Willetts v. Willetts*, 96 Pa. Superior Ct. 198, but that was a case in which extrinsic fraud clearly appeared. We believe that the correct view appears in 3 Freedman Law of Marriage and Divorce in Pennsylvania, 2 Ed., Section 726, wherein it is reasoned that "a party to a collusive agreement should not have the power to set up that agreement to invalidate the judgment". Cf. *Miltimore v. Miltimore*, 40 Pa. 151.

One other matter should be mentioned. On June 5, 1963, the wife filed a petition for alimony pendente lite

and counsel fees. On December 8, 1964, the husband obtained a rule to show cause why this petition should not be dismissed. On January 22, 1965, this rule was made absolute. Appellant's brief concludes as follows: "Appellant further requests that this Honorable Court grant her Petition, filed June 5, 1963, for Alimony, Pendente Lite, Counsel Fees, and Costs". This matter is not properly before us since no appeal was taken. from the order of January 22, 1965.

The order of April 9, 1964, is reversed and the decree of April 27, 1962, is reinstated.