### Rohlfs, Jr. v. Rohlfs

*Henry B. Fitzpatrick, Jr.*, for plaintiff.
*Anthony J. McNulty*, for defendant.

SAND, J., July 9, 1973.—This matter comes before us on wife-defendant's exception to the report of the master in divorce.

Plaintiff-husband filed an action for divorce a.v.m. on April 24, 1972, on the grounds of indignities to the person. A general appearance was entered for defendant and, simultaneously, a petition for counsel fees and costs and a rule for bill of particulars was filed May 23, 1972, on her behalf. Hearings were held by the duly appointed master July 10 and 17, 1972, and the testimony of the six witnesses, plaintiff, defendant, their three children and a friend, was transcribed. Defendant raised the issue of venue at the second hearing, whereupon a ruling was obtained from the then calendar judge that the issue should be heard and initially determined by the master. December 15, 1972, the master filed his report in which he concluded that venue was properly here and recommended that a divorce be granted. April 19, 1973, defendant filed a petition and rule upon plaintiff to show cause why the case should not be referred back to the master because of "new" evidence pointing to plaintiff's actual residence being in New Jersey. The rule was returnable April 24, 1973, and on that day, defendant's petition was refused by the administrative judge.

In accordance with our duty, we have carefully reviewed the entire record, including the 314 pages of testimony taken at the master's hearings. After so

doing, we affirm and adopt the master's report and recommendation and enter a decree divorcing the parties.

The record shows that the parties were married June 10, 1950, in Philadelphia. Since that time, they lived together as man and wife until their separation in June 1971. Since May of 1953, they lived together variously in Philadelphia, Lancaster and Montgomery Counties. Since the separation, defendant has continued to reside in Montgomery County, while plaintiff lived in that county until April 30, 1972, and in Delaware County since then.

The foregoing recitation of residence counties clearly establishes that a Pennsylvania common pleas court has jurisdiction over the action. The Divorce Law requires a one-year residency in the Commonwealth immediately previous to the filing of the complaint: Act of May 21, 1929, P. L. 1237, 23 P.S. §16. The "new" evidence which defendant sought to introduce were Federal income tax returns for 1971 and 1972, which listed the parties' address as being in New Jersey. However, these returns were not completed under oath and *both parties* testified before the master, under oath, that their residences were as recited supra. The master had ample evidence with which to conclude that jurisdiction properly rested in this Commonwealth. A contrary result would have been against the credible evidence.

Plaintiff has resided in Delaware County since one week after his complaint was filed. Technically, therefore, venue might have been elsewhere. However, defendant has clearly waived any question of venue by her general appearance, rule for bill of particulars and petition for counsel fees and costs. An objection to venue must be raised by preliminary objections: Pa. R. C. P. 1121, 1125, 1006(e) and 1017 (b)(1). Other-

wise, the objection is waived. The filing of a general appearance waives the venue issue: Tanis v. Tanis, 206 Pa. Superior Ct. 213 (1965). The waiver is compounded by a rule for bill of particulars and for alimony pendente lite and counsel fees: Chasman v. Chasman, 161 Pa. Superior Ct. 77 (1947).

The master made extensive findings of fact on the merits of the cause, found on 10 pages of his report. We will not repeat them in detail. They do, however, clearly support the recommendation for a divorce. In brief, the master found that defendant exhibited a grave degree of disrespect for the marriage relationship and the person of her husband on a frequent and continuous basis for a number of years. The principal complaints were: defendant's continued absence from the home until early a.m. hours while she was playing bridge, many times with male partners, in particular with a male partner who had made passes at her and who, defendant boasted, had put his arms around her and kissed her; her constant nagging and harassment about not being taken away on vacations or business trips when, in fact, plaintiff had taken her to numerous summertime vacation spots and to Bermuda, Nassau, Germany, Spain, England, Mexico and Florida; the consequent comments that plaintiff was a "cheap bastard", "cheap son-of-a-bitch" and a "lousy meal ticket"; defendant's false accusations against plaintiff of his infidelity on business trips and with his secretary; her oft-repeated comments, sometimes during intercourse with plaintiff, that for all he knew she was having affairs with her male bridge associates, that he was a tired old man, and that maybe she would let him watch if she did have such extra-marital intercourse; defendant's final expression of hatred and disdain for plaintiff and her demand that he leave the common home as soon as possible.

These findings by the master, if supported by competent and credible evidence, are sufficient to support a decree in divorce. The master found plaintiff to be a credible witness. His finding as to credibility "is to be given the fullest consideration . . . and where his findings as to credibility are not at variance with the record, they should not be lightly disregarded": Carle v. Carle, 192 Pa. Superior Ct. 490, 497 (1960). Our review of the record convinces us that the master's assessment of credibility was correct. Since the factual findings are supported by competent, credible evidence, we adopt them. A further review of the defendant's evidence shows that much of the factual findings concerning defendant's behavior, though perhaps not plaintiff's feelings with reference thereto, were corroborated by the defense. We find, therefore, that this is not a case where plaintiff's uncorroborated evidence is contradicted by defendant's evidence. It is also apparent that plaintiff did not cause the behavior of which he complained.

In short, our review of the record indicates that defendant has manifested that hatred and estrangement which is the crux of indignities and that her behavior has constituted a course of conduct toward plaintiff, the innocent and injured spouse.

Accordingly, we enter the following

### DECREE

And now, July 9, 1973, the master's report in the above case having been duly lodged, and exceptions thereto having been filed on behalf of defendant, upon consideration of the record and after argument before the court en banc, it is ordered and decreed that defendant's exceptions to the master's report be and the same are hereby dismissed; the recommendations of the master that a divorce a.v.m. be granted on

ground of indignities to the person be and the same is hereby sustained and accepted.

Walter M. Rohlfs, Jr., plaintiff, and Doris Helen Dalby Rohlfs, defendant, be and they are hereby divorced from the bonds of matrimony, and all the duties, rights and claims accruing to either of the said parties at any time heretofore, in pursuance of said marriage, shall henceforth cease and determine, and the said parties shall severally be at liberty to marry again in like manner as if they never had been married.