583 A.2d 483

**Susan May LEIB, Appellant,**

v.

**Gary LEIB, Appellee.**

Superior Court of Pennsylvania.

Submitted June 12, 1990.

Filed Dec. 7, 1990.

Michael J. O'Connor, Frackville, for appellant.

John G. Younglove, Hatboro, for appellee.

Before WIEAND, DEL SOLE and MONTEMURO, JJ.

WIEAND, Judge:

Susan May Leib and Gary Leib were married on December 20, 1980 and lived in Montgomery County until August 19, 1989. On that day, Susan took the children, left the marital home and moved to Schuylkill County. There she filed a complaint in divorce on September 1, 1989.[1] Gary filed preliminary objections in which he challenged, inter alia, the jurisdiction of the Schuylkill County Court to hear the divorce action. The trial court agreed that it lacked jurisdiction and dismissed the complaint. Susan appealed.

Jurisdiction to hear divorce actions is vested in the several courts of common pleas by section 301(a) of the Divorce Code of April 2, 1980.[2] Section 302, however, provides that "[n]o spouse shall be entitled to commence [a] proceeding for divorce ... unless at least one of the parties has been a bona fide resident in this Commonwealth for at least six months immediately previous to the filing of the complaint."

The trial court placed reliance on the provisions of section 301(d) and concluded therefrom that within the period of six months following separation a divorce action could be brought only in the county where the defendant resided or, with the defendant's agreement, in the county where the plaintiff resided. When we are concerned about the county or counties within which the action may be brought, however, the issue is one of venue and not jurisdiction. *Hohlstein v. Hohlstein*, 223 Pa.Super. 348, 296 A.2d 886 (1972);

---

1. The complaint was served on Gary by certified mail pursuant to Pa.R.C.P. 412.

2. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 et seq.

*Blair v. Blair*, 195 Pa.Super. 406, 407–408, 171 A.2d 854, 855 (1961). Because section 301(d) is a rule of venue, it has been suspended absolutely by Pa.R.C.P. 1920.91(1). Venue in divorce actions is determined by Pa.R.C.P. 1920.2, which provides that an action in divorce may be brought in the county in which the plaintiff or the defendant resides. "Under venue [rules] applicable to divorce suits but containing no specification of an amount of time as to the plaintiff's residence in a particular county ... it is universally held that the residence need not have been continued for any particular length of time." *Blair v. Blair, supra* at 408, 171 A.2d at 855, quoting 54 A.L.R. 899.

In the instant action, the wife-plaintiff has been a resident of Pennsylvania for more than six months. Therefore, the courts of Pennsylvania have jurisdiction to hear the action in divorce which she commenced against the husband-defendant. Venue of such an action may be laid in the county in which she resides. Because she resides in Schuylkill County, she could properly file her action in Schuylkill County. When the trial court held that the courts of Schuylkill County lacked jurisdiction to hear and decide the divorce action, it erred. The order dismissing the action on jurisdictional grounds, therefore, must be reversed.

Reversed and remanded for further proceedings. Jurisdiction is not retained.

MONTEMURO, J., files a concurring statement.

MONTEMURO, Judge, concurring:

I am in complete agreement with the majority's reversal of the order in this case. I write separately only to emphasize that the rules involved here implicate venue, a purely procedural matter, not jurisdiction. Where statutes are inconsistent with rules set by the Supreme Court to whom the authority to promulgate such rules is vested, operation of the statute is suspended. *Pivirotto v. City of Pittsburgh*, 515 Pa. 246, 528 A.2d 125 (1987).