**Terri J. KROPF, Appellee**

v.

**Peter R. KROPF, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 9, 2011.

Filed June 14, 2011.

Robert T. Yurchak, Nesquehoning, for appellant.

Gerald M. Barr, Orefiled, for appellee.

BEFORE: BENDER, LAZARUS and

STRASSBURGER *, JJ.

OPINION BY BENDER, J.:

Peter R. Kropf, Jr., (Husband) appeals from the decree in divorce entered on November 18, 2010. More specifically, Husband raises an issue regarding the order entered on October 29, 2010, that denied his petition to transfer venue in connection with the divorce complaint filed by Terri J. Kropf (Wife). We affirm.

The parties were married on January 11, 2005, and separated in April of 2008,[1] when Wife left the marital home located in Schuylkill County and moved to Lehigh County. Wife filed a complaint in divorce on May 15, 2008, in Lehigh County, reinstating the complaint on July 2, 2008.[2] The common pleas docket then reveals that Wife's complaint was reinstated again on August 4, 2010,[3] and Husband was eventually served on August 21, 2010. In addition to the complaint served on Husband, Wife included a section 3301(d) affidavit and notice of her intent to request the entry of a divorce decree. Husband did not respond. Thereafter, on September 21, 2010, Wife filed a praecipe directing the prothonotary to transmit the record to the court and requesting that the court enter a divorce decree. One day later, on September 22, 2010, Husband filed a petition for change of venue, claiming that when Wife filed the initial divorce complaint in May of 2008, she had not been a resident of Lehigh County for six

months prior to the filing of the divorce complaint and that, therefore, venue was improper. Husband also claimed that before April of 2008 neither party had any ties to Lehigh County, that it was a *forum non conveniens* since neither he nor any witnesses to the proceedings lived in Lehigh County, and that long periods of travel and great expense would be required to attend any court proceedings. *See* Husbands Petition to Transfer Venue, 9/22/10. After a hearing was held on October 27, 2010, the court denied the petition to transfer venue by order dated October 29, 2010. The divorce decree was subsequently entered on November 18, 2010.

Husband filed the instant appeal, raising one issue for our review:

> Whether the lower Court erred in denying a Motion for Transfer of Venue when, at the time of the filing of the complaint in divorce in this matter[,] [Wife] had not been a resident of Lehigh County for any period of time, never withdrew or re-filed her complaint in divorce, then delayed any action upon the divorce for two (2) years while she remained in Lehigh County while the situs of the marriage was Schuylkill County with all witnesses, property and [Husband] located in Schuylkill County?

Husband's brief at iv.

▮ Initially, we note that the trial court explained the basis for its denial of

---

\* Retired Senior Judge assigned to the Superior Court.

1. Various documents in the record identify either April 2, 2008 or April 18, 2008, as the date Wife moved out of the marital home. Due to our resolution of this matter, the exact April date is of no moment.

2. Wife's complaint did not include any counts other than the counts in divorce. *See* 23 Pa.C.S. § 3301(c) and (d). Subsection (d) provides that a court may grant a divorce if

the marriage is irretrievably broken and the parties have lived separate and apart for a period of at least two years.

3. In his brief, Husband indicates that Wife did nothing to move the divorce action forward from the summer of 2008 to the summer of 2010; however, Wife's brief states that she made numerous attempts to serve Husband during the two year period, but was unsuccessful until August 21, 2010.

Husband's petition to transfer venue in a footnote accompanying its October 29, 2010 order. The court stated:

> Counsel for [Husband] argued that 23 Pa.C.S.A. [§ ] 3104(e) Venue is applicable and supersedes Pa.R.C.P. 1920.2(a)(1). 23 Pa.C.S.A. § 3104(e) is suspended by Supreme Court Order of May 17, 1991 and Pa.R.C.P. 1920.91. Venue in a divorce action is currently prescribed by Pa.R.C.P. 1920.2. Lehigh County is the county in which [Wife] resides and as such is the appropriate county for this divorce action.

Trial Court Order, 10/29/10, at n. 1.[4]

As in his petition to transfer venue, Appellant argues that Wife had only been living in Lehigh County for a month before filing the divorce complaint and that since venue attaches at the time of filing the complaint, venue was improper. Husband's brief at 2. He also cites the general venue rule, which states:

> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.C.P. 1006(d)(1). He then claims that only Wife has any contacts with Lehigh County, that he is not a resident of Lehigh County, and that none of the property nor any witnesses reside in Lehigh County. Husband's brief at 3. Therefore, he argues

that the travel distance makes presentation of his case, *i.e.*, contesting the divorce and division of property, extremely difficult. *Id.*

In response, Wife first asserts that Rule 1006(d)(1) provides only that the court *may* transfer the action and that using its discretion it denied Husband's request. Wife's brief at 3. Wife further points out that Husband did not file a response to Wife's divorce complaint; thus, he did not deny Wife's allegation that the parties had been separated for the required two year period under section 3301(d). Nor did Husband file a counterclaim raising *inter alia* any equitable distribution or alimony issues. Also, Husband failed to assert what witnesses and what testimony those witnesses would present to support his position if, in fact, the matter would be transferred to Schuylkill County. Lastly, Wife relies on *Leib v. Leib*, 400 Pa.Super. 257, 583 A.2d 483 (1990), which states:

> Venue in divorce actions is determined by Pa.R.C.P. 1920.2, which provides that an action in divorce may be brought in the county in which the plaintiff or the defendant resides. Under venue [rules] applicable to divorce suits but containing no specification of an amount of time as to the plaintiff's residence in a particular county ... it is universally held that the residence need not have been continued for any particular length of time.

4. Pa.R.C.P. 1920.2 entitled "Venue" provides:
   (a) The action, except a claim for custody, may be brought only in the county
   (1) in which the plaintiff or the defendant resides, or
   (2) upon which the parties have agreed
   (i) in writing which shall be attached to the complaint, or
   (ii) by participating in the proceeding.
   (b) The record shall establish compliance with the venue requirement of subdivision (a) prior to the entry of the decree.

   (c) Notwithstanding any agreement of the parties, if neither the plaintiff nor the defendant has resided in the county at any time during the pendency of the action, the court, upon its own motion and for its own convenience, may transfer the action to the appropriate court of any other county where the action originally could have been brought.

*Id.* at 484 (quotation marks and citation omitted).[5]

We conclude that Wife's position is correct and that the *Leib* opinion sets forth a succinct answer to Husband's argument. *See also Danz v. Danz,* 947 A.2d 750 (Pa.Super.2008) (providing extensive discussion regarding venue in a divorce action and the application of Rule 1920.2). The *Leib* decision clearly states that Wife did not need to establish residency in Lehigh County for a six-month period prior to filing the divorce complaint. She only was required to show that she was a resident of Lehigh County.

As for Husband's *forum non conveniens* argument, he has provided no case law to support his claim that the court should have transferred the matter to Schuylkill County. *See Jones v. Jones,* 878 A.2d 86, 90–91 (Pa.Super.2005) (discussing that under Pa.R.A.P. 2119 arguments not appropriately developed and without citation to authority are waived). Therefore, based upon *Jones,* we could conclude that Husband has waived his issue.

■ However, we choose not to find Husband's venue issue waived for failure to cite pertinent authority. Rather, to the extent that Husband claims that venue is not proper in Lehigh County, we conclude that Husband has waived this issue for failing to raise it in preliminary objections. *See* Pa.R.C.P. 1006(e) ("Improper venue shall be raised by preliminary objection and if not so raised shall be waived."). The section of the Pennsylvania Rules of Civil Procedure directing actions in divorce begins with Rule 1920.1. In particular, subsection (b) of Rule 1920.1 states that if the rules governing divorce do not provide a specific procedure then "the procedure in

the action shall be in accordance with the rules relating to a civil action." Pa.R.C.P. 1920.1(b). Therefore, since the venue provision applicable to divorce, *i.e.,* Rule 1920.2, does not contain any provision as to when a party must raise such a claim, a party must comply with Rule 1006(e). *See Gogets v. Gogets,* 267 Pa.Super. 458, 406 A.2d 1132, 1133 (1979) (stating that a challenge to venue in a divorce action was waived under Rule 1006(e) because the objecting party did not raise the challenge in preliminary objections). Accordingly, we conclude that because Husband failed to raise his improper venue claim in a preliminary objection, he has waived this issue.

■ However, to the extent that Husband raises a *forum non conveniens* claim, we conclude that he has not waived this claim. Pa.R.C.P. 1006(d)(1) provides that "[f]or the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Moreover, this Court in *Wood v. E.I. du Pont de Nemours and Co.,* 829 A.2d 707, 710 (Pa.Super.2003), stated that "Rule 1006(d) imposes no time limit upon a party who seeks to transfer venue [based on *forum non conveniens* ]." Thus, the failure to raise venue based on *forum non conveniens* is not waived if not raised in preliminary objections. However,

> A trial court has considerable discretion in granting a change of venue based on *forum non conveniens* and absent an abuse of that discretion, we will not disturb its decision. *Johns v. First Union Corp.,* 777 A.2d 489, 491 (Pa.Super.2001)

---

5. Contrary to the venue provision found at Pa.R.C.P. 1920.2, jurisdiction in divorce matters requires that one of the parties to a divorce action must be a bona fide resident of the Commonwealth for at least six months immediately prior to the commencement of the action. *See* 23 Pa.C.S. § 3104(b).

(citing *Keuther v. Snyder*, 444 Pa.Super. 468, 664 A.2d 168, 169 (Pa.Super.1995)). "A petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Cheeseman* [*v. Lethal Exterminator*, 549 Pa. 200, 213, 701 A.2d 156, 162 (1997) ].

> The defendant may meet this burden in one of two ways: (1) by showing "with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself;" or (2) by showing "on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute." *Wood v. E.I. du Pont De Nemours and Co.*, 829 A.2d 707, 712 (Pa.Super.2003) (*en banc*) (quoting *Cheeseman, supra*).

*Catagnus v. Allstate Ins. Co.*, 864 A.2d 1259, 1264 (Pa.Super.2004). Additionally, "[a] defendant's claim that 'no significant aspect of a case involves the chosen forum, and that litigating in another forum would be more convenient' is not the type of record evidence that proves litigating the case in the chosen forum is oppressive or vexatious." *Id.* (citing *Hoose v. Jefferson Home Health Care, Inc.*, 754 A.2d 1, 4 (Pa.Super.2000)).

Specifically, with regard to Husband's *forum non conveniens* claim, he merely asserts the general allegation that he and any witnesses would need to expend extensive travel time and expenses to attend any court hearings. Furthermore, he did not request preparation of a transcript of the hearing held on October 27, 2010, to show what evidence he presented to convince the court that venue should be transferred to Schuylkill County. Husband also fails to explain what witnesses he would have called to testify and for what purpose, since no equitable distribution or alimony claims were before the court. Simply stated, Husband did not meet his burden of proving that venue in Lehigh County was oppressive or vexatious. Accordingly, we conclude that the trial court did not abuse its discretion by denying Husband's petition to transfer venue and we affirm the decree in divorce.

Decree affirmed.