IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
                                 :   No. 1381 C.D. 2019
         v.                         :
                                 :   Submitted: May 15, 2020
William and Nancy Clementi,     :
              Appellants   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge


OPINION BY
JUDGE McCULLOUGH                       FILED: July 6, 2020


        Nancy and William Clementi (the Clementis) appeal from the order of the Court of Common Pleas of Montgomery County (trial court), which denied their Motion for Reconsideration *Nunc Pro Tunc* after determining that it did not have jurisdiction to rule on it.[1]

---

[1] On August 29, 2019, the Superior Court *sua sponte* transferred the appeal to this Court pursuant to section 762(a)(2)(ii) of the Judicial Code, 42 Pa.C.S. §762(a)(2)(ii) (Commonwealth Court to hear appeals in criminal actions or proceedings for the violation of any rule, regulation or order of any Commonwealth agency); Pa.R.A.P. 751(a) (transfer of erroneously filed cases); and *Commonwealth v. Hake*, 738 A.2d 46, 47 n.3 (Pa. Cmwlth. 1999), *appeal denied*, 749 A.2d 473 (Pa. 2000) (explaining that jurisdiction lies in the Commonwealth Court, as opposed to the Superior Court, because the former Dangerous Dog Law at 3 P.S. §459-502-A, Act of December 7, 1982, P.L. 784, *as amended*, added by the Act of May 31, 1990, P.L. 213 (repealed), was not a penal statute under the Crimes Code (Title 18), but was a regulatory statute, administered and enforced by the Department of Agriculture (Title 7, Chapter 27 of the Pa.Code)).

## I. **Factual and Procedural Background**

The Clementis were found guilty before the local Magisterial District Judge of the summary offense of harboring dangerous dogs.  They appealed for a trial *de novo* before the trial court.  On December 20, 2018, the trial court found the Clementis guilty of harboring dangerous dogs and imposed a sentence, as reflected in its order issued on that same date.[2]  The Clementis had until January 22, 2019, to file an appeal.  However, instead of filing an appeal, the Clementis filed a Motion for Reconsideration on December 28, 2019 – which they were entirely within their rights to do, as discussed below.

On January 4, 2019, the trial court entered an Order directing the Commonwealth to respond to the Clementis' Motion for Reconsideration and scheduled a hearing on the Motion for Reconsideration for February 1, 2019, which was subsequently continued to February 8, 2019.

At the February 8, 2019 hearing on the Motion for Reconsideration, the trial court treated the Motion for Reconsideration as a post-sentence motion and, therefore, held it was without jurisdiction under Pennsylvania Rule of Criminal Procedure 720(D), Pa.R.Crim.P. 720(D) (hereinafter "Rule 720(D)") to rule upon the merits of the Motion for Reconsideration.  Rule 720(D) provides:

> **There shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas**. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial de novo shall constitute a final order for purposes of appeal.

Pa.R.Crim.P. 720(D).

---

[2] At the trial, the evidence showed that the Clementis' two German Shepherds escaped from the yard and attacked children and adults who were waiting for a school bus.

The trial court also held that more than 30 days had passed since the imposition of the December 20, 2018 sentencing order, therefore, it was no longer empowered to modify its order.

Notably, and central to this appeal, the trial court did not acknowledge the official comment to Rule 720(D), which provides that, although post-sentence motions are not permitted in summary case appeals, a defendant may file **a motion for reconsideration in a summary appeal case**, and that such motion is governed by section 5505 of the Judicial Code, 42 Pa.C.S. §5505 (governing Modification of Orders).  Specifically, the official comment to Rule 720 states:

> Although there are no post-sentence motions in summary appeals following the trial *de novo* pursuant to paragraph (D), nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration. *See* the Judicial Code, 42 Pa.C.S. §5505. *See also Commonwealth v. Dougherty*, [697 A.2d 779, 784 (Pa. Super. 1996)].  The time for appeal in summary cases following a trial *de novo* runs from the imposition of sentence.

Pa.R.Crim.P. 720, cmt.

Section 5505 of the Judicial Code (Modification of Orders), in turn, provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. §5505.

On February 19, 2019, the Clementis filed a *Nunc Pro Tunc* Motion for Reconsideration raising a number of purported breakdowns in the court system that allegedly resulted in a violation of their due process rights.  Specifically, they pointed

to the trial court's mistaken belief that they were not permitted to file their original Motion for Reconsideration following the trial *de novo* in a summary appeal, and claimed that they justifiably relied on the trial court's January 4, 2019 order scheduling oral argument on the Motion for Reconsideration for a date which took place after the 30-day time period to hear the motion had expired.[3]

---

[3] The Clementis also raised numerous other alleged breakdowns in the court system which allegedly deprived them of due process:

> a.      The original charging documents (the citations) were defective because they did not charge the Clementis separately and failed to delineate which dogs did what.
> b.      The Magisterial District Judge should have caught this error.
> c.      The Magisterial District Judge should have required proof beyond a reasonable doubt as to which of them owned which dog, and what each dog did, before convicting BOTH of them.
> d.      The Magisterial District Judge should not have cut short the Clementis' opportunity to present evidence or make argument by suspending the trial on July 9, 2018, and resuming that trial on July 18, 2018 without notice to the Clementis.
> e.      The Commonwealth failed to fix the charging documents after the Clementis appealed from Magisterial District Court to the trial court.
> f.      The Commonwealth failed to prove that the trial court had jurisdiction.

(Reproduced Record at 195-197.)

*Nunc pro tunc* relief is generally warranted only under "extraordinary circumstances." *Schofield v. Department of Transportation, Bureau of Driver Licensing*, 828 A.2d 510, 512 (Pa. Cmwlth. 2003). Subparagraphs (a) through (e) allege breakdowns that occurred at the Magisterial District Court and were of literally no effect, since the Clementis were able to re-litigate their case *de novo* before a judge of the court of common pleas. Therefore, we seriously question whether any of these allegations meet this standard. Subparagraph (f) alleges the trial court's "lack of jurisdiction" to hear a case which arose in Bryn Mawr, which they claim is not one of the 62 municipalities making up Montgomery County. However, the question of which county in the state may entertain the action is a question of venue and not jurisdiction and venue may always be waived. *Commonwealth v. Gross*, 101 A.3d 28, 32 (Pa. 2014); *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003); *Blair*

The Commonwealth filed an answer on March 8, 2019, and the trial court heard argument on April 24, 2019. By order dated May 15, 2019, the trial court (again disregarding 42 Pa.C.S. §5505) denied the Clementis' Motion for Reconsideration *Nunc Pro Tunc*, once again noting that post-sentence motions were not permitted under Rule 720(D) and reiterating that it lacked jurisdiction to act beyond the expiration of the 30-day appeal period. The trial court reasoned:

> Pursuant to Pa.R.Crim.P. 720(D), this Court's Order of December 20, 2018 was a final Order for the purposes of Appeal, to which no post sentence Motions are permitted. As such, this Court is without jurisdiction to rule on the merits of [the Clementis'] Motion for Reconsideration. Furthermore, [the Clementis'] appeal period expired thirty days after the entry of this Court's December 20, 2018 decision.

(Trial court op., May 15, 2019, at 1.)

The Clementis filed a notice of appeal to the Superior Court on May 28, 2019, and the trial court filed its Pa.R.A.P. 1925(a) Opinion on July 18, 2019. The trial court first addressed whether it had jurisdiction to consider the Clementis' *original* Motion for Reconsideration. The trial court held that it did not have jurisdiction to hear the original Motion for Reconsideration pursuant to Rule 720(D). Next, the trial court held that the Clementis

> appear to assert that for failing to rule on both the Motion to Reconsider and the subsequent Motion to Reconsider *Nunc Pro Tunc*, this Court erred on equitable grounds and permitted a breakdown in the court system. This argument is without merit, as the aforementioned case law and Rule of

---

*v. Blair*, 171 A.2d 854, 855 (Pa. Super. 1961). Thus, there is an outstanding issue of whether venue was proper in Montgomery County and whether the Clementis waived the issue by failing to object to venue before the trial court. Nevertheless, as an appellate court, it is not for us to decide these issues in the first instance. As discussed *infra*, this was one for the trial court to decide when considering the Clementis' *Nunc Pro Tunc* Motion.

> Criminal Procedure clearly holds, once thirty (30) days have passed a trial court is without jurisdiction to enter a ruling.

(Trial court op., July 18, 2019, at 1.)

As noted, the Superior Court transferred this case *sua sponte* to this Court on August 27, 2019.

## II. <u>Discussion</u>

The issue before us is whether the trial court properly exercised its discretion in denying the Clementis' Motion for Reconsideration *Nunc Pro Tunc*.

The Clementis acknowledge that their time to file an appeal from the underlying conviction expired 30 days from the date of the sentencing order. Instead, they argue that the trial court erred when it ruled that it was without jurisdiction to consider their Motion for Reconsideration *Nunc Pro Tunc*. They argue that the issue on which the instant appeal is based is the trial court's refusal to consider any evidence of the procedural breakdowns alleged in their Motion for Reconsideration *Nunc Pro Tunc*, and then not asserting its reasoning supporting that decision. They contend that the jurisdictional limit of Rule 720(D) and related case law cited by the trial court to support its May 15, 2019, ruling are wholly inapplicable to their request for *nunc pro tunc* review.

According to the Clementis, a request for *nunc pro tunc* review is a form of equitable relief, and jurisdiction concerns do not prohibit a court of common pleas from entertaining such a request. They contend that, notwithstanding the Rules of Criminal Procedure and 42 Pa.C.S. §5505, the trial court was required to review their Motion for Reconsideration *Nunc Pro Tunc* since it was styled as a "*nunc pro tunc*" motion. They contend that the trial court misconstrued their arguments because it never actually addressed whether it was required to entertain a "*nunc pro tunc*" Motion for Reconsideration. Instead, the trial court's focus was on whether it had jurisdiction to

6

entertain the *original* Motion for Reconsideration and it incorrectly assumed that the Motion for Reconsideration *Nunc Pro Tunc* raised the same issues raised in the original Motion for Reconsideration. The Clementis argue that the trial court should have considered their Motion for Reconsideration *Nunc Pro Tunc* by deciding whether the factual allegations of procedural "breakdowns," if proven, would be sufficient to warrant retroactively considering the *original* Motion for Reconsideration. If not, the Clementis contend, the trial court should have denied the Motion for Reconsideration *Nunc Pro Tunc* on those grounds.

In response, the Commonwealth argues that the trial court committed no error. It argues, as it did before the trial court, that this case is identical to *Commonwealth v. Moir*, 766 A.2d 1253 (Pa. Super. 2000). In *Moir*, a trial court's order scheduling oral argument on the movants' motion for reconsideration did not expressly grant reconsideration within the 30-day appeal period. *Id.* at 1254. The trial court in *Moir* also did not act on the motion for reconsideration until more than 30 days after the entry of the final appealable order. *Id.* By that time, the trial court in *Moir* was without authority and lacked jurisdiction to act upon the motion for reconsideration or to amend or modify its previous order. *Id.* The *Moir* court held that a trial court's "failure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration" and that the "filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition." *Id.*

The Commonwealth argues that pursuant to *Moir*, the trial court did not grant the *original* Motion for Reconsideration within 30 days of its imposition of sentence, therefore, it lacked jurisdiction to rule on it. The Commonwealth also argues that since the trial court did not grant the *original* Motion for Reconsideration within

7

30 days of the sentencing order, it necessarily lacked jurisdiction to rule on the Motion for Reconsideration *Nunc Pro Tunc*.

## A. The *Original* Motion for Reconsideration

When the trial court originally concluded that it had no jurisdiction to consider the Clementis' *original* Motion for Reconsideration, the trial court erred because the official comment to Rule 720(D) states that a motion for reconsideration may be filed in a summary appeal case, but that it is governed by Section 5505 of the Judicial Code, 42 Pa.C.S. §5505. Again, the comment reads:

> Although there are no post-sentence motions in summary appeals following the trial *de novo* pursuant to paragraph (D), **nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration.** **See the Judicial Code, 42 Pa.C.S. § 5505**. *See also Commonwealth v. Dougherty*, [679 A.2d 779, 784 (Pa. Super. 1996)]. The time for appeal in summary cases following a trial *de novo* runs from the imposition of sentence.

Pa.R.Crim.P. 720, cmt. (emphasis added).

Again, Section 5505 of the Judicial Code, in turn, provides,

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. §5505.

Thus, the trial court was wrong to conclude that the *original* Motion for Reconsideration was procedurally invalid under Rule 720(D). The Clementis' *original* Motion for Reconsideration was filed pursuant to section 5505 of the Judicial Code, 42

8

Pa.C.S. §5505, not Rule 720(D). Pursuant to section 5505 of the Judicial Code, 42 Pa.C.S. §5505, the trial court had 30 days from the date of its December 20, 2018 imposition of sentence to modify its order (i.e., entertain the Clementis' *original* Motion for Reconsideration). Thirty days from that date was January 22, 2019.[4] However, the trial court took no action to rule on the Motion for Reconsideration within the time period set by 42 Pa.C.S. §5505. Evidently, unaware of 42 Pa.C.S. §5505, the trial court did not schedule a hearing on the Motion for Reconsideration until **after** the time it had to rule on the motion had already expired. In essence, the trial court indicated that it was willing to consider the motion but scheduled the hearing beyond the time period when the judge purportedly had jurisdiction to rule on it, and in so doing, arguably deprived the Clementis of due process and an opportunity to present evidence on the merits.

B. The Motion for Reconsideration *Nunc Pro Tunc*

The trial court also erred when it determined that it was time-barred from ruling on the Clementis' Motion for Reconsideration *Nunc Pro Tunc*.

Pursuant to 42 Pa.C.S. §5505, unless the trial court enters an order granting reconsideration within 30 days, the power to grant reconsideration is lost. *In re Upset Price Tax Sale of September 25, 1989*, 615 A.2d 870 (Pa. Cmwlth. 1992). However, Section 5505 does not preclude a trial court from addressing a motion for reconsideration *nunc pro tunc* filed after the 30-day period. After expiration of the 30-day period, the court may open or vacate an order upon a showing of extrinsic fraud, lack of subject matter jurisdiction, a fatal defect on the face of the record or some other evidence of "extraordinary cause justifying intervention by the court." *Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa. Super. 1997). *See also Fulton v. Bedford County*

---

[4] January 21, 2019, was a Court holiday.

*Tax Claim Bureau*, 942 A.2d 240, 242 n.3 (Pa. Cmwlth. 2008); *Orie v. Stone*, 601 A.2d 1268 (Pa. Super. 1992); *Simpson v. Allstate Insurance Co.*, 504 A.2d 335 (Pa. Super. 1986).

As such, the trial court should have considered the Clementis' Motion for Reconsideration *Nunc Pro Tunc* and decided whether they established "extraordinary cause justifying intervention by the court." *Fulton*, 942 A.2d at 242 n.3. The Clementis asserted various grounds in support of their request for *nunc pro tunc* relief. As explained above, there needs to be a factual determination on those asserted grounds.

While the Commonwealth is correct that the trial court did not expressly grant reconsideration within this 30-day appeal period, the trial court did issue an order on January 4, 2019, well within the appeal period, which scheduled argument for a date more than a week after expiration of the same. At the very least, the trial court's action in scheduling the hearing beyond the 30-day appeal period raises an issue of whether the trial court should have considered the Clementis' Motion for Reconsideration *Nunc Pro Tunc*. *See, e.g., Seropian v. State Ethics Commission*, 20 A.3d 534, 540-43 (Pa. Cmwlth. 2011) (finding an administrative breakdown justifying *nunc pro tunc* relief where an agency's regulations and actions in scheduling and holding argument on a petition for reconsideration were misleading); *Monroe County Board of Assessment Appeals v. Miller*, 570 A.2d 1386, 1388 (Pa. Cmwlth. 1990) ("[A]n appeal may be granted where a litigant is unintentionally misled by officials as to the proper procedure to be followed."); *Commonwealth v. Bogden*, 528 A.2d 168, 170 (Pa. Super. 1987) (finding an administrative breakdown justifying *nunc pro tunc* relief where a common pleas court failed to inform a party of the proper appeal period); *Commonwealth v. Anwyll*, 482 A.2d 656, 657 (Pa. Super. 1984) (finding an administrative breakdown justifying *nunc pro tunc* relief where a common pleas court misstated the appeal period). This was one of the bases for the Clementis' Motion for Reconsideration *Nunc*

10

*Pro Tunc* – i.e., that the trial court incorrectly assumed it had no jurisdiction to decide the *original* Motion for Reconsideration.

Recently, in *Commonwealth v. Perez*, (Pa. Cmwlth., No. 1391 C.D. 2017, filed January 9, 2019) (unreported),[5] we recognized that there is an exception to Section 5505 of the Judicial Code, which permits a party to file a motion for reconsideration *nunc pro tunc* beyond the 30-day period where the party seeking reconsideration has established "extraordinary cause justifying intervention by the court." Slip op. at 3. This requires the trial court to make factual findings on whether the moving party has established extraordinary circumstances to justify reconsideration. *Id.*

In *Perez*, the trial court, like the trial court here, believed it was unable to rule on the movant's original motion for reconsideration or a subsequent motion for reconsideration *nunc pro tunc* because 30 days had expired from the date of the underlying forfeiture order. The trial court held that "because the period to appeal on this [c]ourt's order has expired . . . this [c]ourt has lost the power to act upon [the] [m]otion for [r]econsideration [n]unc [p]ro [t]unc." Slip op. at 1. This is analogous to what the trial court held in this case. In *Perez*, we vacated a trial court's decision. We explained:

> The deadline for seeking reconsideration is set forth at Section 5505 of the Judicial Code, which provides:
>
> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed. 42 Pa.C.S. §5505. **However, Section 5505 does not preclude a trial court from addressing a motion for reconsideration *nunc pro tunc* filed after the 30-day period**. *Fulton*, [942 A.2d at 242 n.3]. As noted above, "an appeal *nunc pro tunc* is a recognized

---

[5] Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

11

exception to the general rule prohibiting the extension of an appeal deadline." *Union Electric Corporation v. Board of Property Assessment* [*Appeals and Review of Allegheny County*], 746 A.2d [581,] 584 [(Pa. 2000)].

As such, the trial court should have considered Perez's motions for reconsideration *nunc pro tunc* and decided whether he established "extraordinary cause justifying intervention by the court." *Fulton*, 942 A.2d at 242 n.3 (quoting *Stockton*[, 698 A.2d at 1337] (citation omitted)). Perez asserted identical grounds in support of his request for *nunc pro tunc* relief on both his application for reconsideration and his appeal. As explained above, there needs to be a factual determination on those asserted grounds.

For the above reasons, we vacate the order of the trial court and remand for the trial court to hold an evidentiary hearing and make factual findings on whether Perez has established extraordinary circumstances to justify either reconsideration of the forfeiture order or an appeal to this Court *nunc pro tunc*.

Slip op. at 3 (emphasis added).

Applying that same rationale here, we conclude that the trial court erred by denying the Motion for Reconsideration *Nunc Pro Tunc* on the belief that it had no jurisdiction to consider it because 30 days had elapsed since the entry of the sentencing order. Accordingly, we must vacate the orders of the trial court and remand for the trial court to rule on the Clementis' original Motion for Reconsideration of the sentencing order.

 

 

_____
PATRICIA A. McCULLOUGH, Judge

Judge Fizzano Canon did not participate in this decision.

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | No. 1381 C.D. 2019 |
| v. | : | |
| | : | |
| William and Nancy Clementi, | : | |
| Appellants | : | |

## ***ORDER***

AND NOW, this 6th day of July, 2020, the February 8, 2019 and May 15, 2019 orders of the Court of Common Pleas of Montgomery County are hereby VACATED, and the matter is REMANDED for a determination in accordance with the attached opinion.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge